### JOHN EARLE V. SAMUEL MARX.
#### No. 3058.

1. **Parties—Community Property.**—Marx after the death of his wife sold a tract of land, of the community property. Several children of the marriage survived. Marx procured deeds from his children subsequent to his sale. The purchase money notes were made to Marx. In action upon the notes and to foreclose the vendor's lien the defendant pleaded the want of proper parties, the children of the marriage not being made parties. *Held*, the plea was not good. The children were not necessary parties.

2. **Parol Testimony to Vary Written Contract.**—Marx sold land to Earle and executed to him a warranty deed for it. Earle executed his promissory notes to Marx for the purchase money. In defense Earle pleaded that the deed and notes were but part of a parol contract made between them by which Marx was to perfect title from his children and sell the entire interest of himself and children at the stipulated price. *Held*, that such facts were not competent to alter the written contract evidenced by the deed and the purchase money notes.

3. **Warranty.**—Where a vendor sells by warranty deed and only owns a part interest in the land, and subsequently obtains title to the other interest, his vendee can not resist payment of the purchase money, having entered into possession and knowing the facts when he made the purchase.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion contains a statement.

*Austin & Rose*, for appellant.—1. Before judgment can be rendered against a debtor he is entitled to have before the court as plaintiffs all parties who have an interest in the debt, that he may be freed from further liability thereon. Insurance Co. v. Coffee, 61 Texas, 287,

2. The tender of what purported to be the deeds to defendant of the children's interest in said land in his pleadings would not entitle the plaintiff to recover judgment for their interest in said notes; as such judgment would not have the effect of making the children parties to the suit, and they would not be concluded thereby and defendant would not be protected against their claim.

3. It is competent in any case to show by parol evidence that a written instrument, although formally executed on its face, is, by agreement

entered into between the parties thereto at the time of its execution, not to take effect and become operative until the performance of certain acts by one of the parties thereto, the performance of which is a condition precedent; and such plea made by the defendant in the cause before the court does not imply a breach of warranty, and the rule of law governing cases where a breach of warranty is relied on has no application to the plea in question.    Franklin v. Smith & Harvin, Posey's Texas Unreported Cases, vol. 1, p. 229.

4. Where written instruments form part of a more comprehensive transaction, the terms of which are not attempted to be expressed in writing, parol testimony as to such parts of the transaction as were not reduced to writing is admissible in evidence.    Thomas v. Hammond, 47 Texas, 42, and authorities there cited; 1 Greenl. on Ev., Rdf. ed., sec. 284a.

5. An agreement that a written instrument shall not take life and become operative until the happening of a certain event is not required by the statutes of frauds to be in writing.    Art. 2464, Revised Statutes of Texas; Franklin v. Smith & Harvin, Posey's Texas Unreported Cases, vol. 1, p. 229.

*Finlay & Finlay*, for appellee.—1. The notes sued on and the deed executed constituted a contract between plaintiff Samuel Marx and defendant John Earle, who were the sole and only parties interested in the suit.

2. A vendee with full knowledge of the facts at the time of his purchase, taking a warranty deed, can not set up a failure of title in defense in an action for the purchase money, his possession not being disturbed.    Brock v. Southwick, 10 Texas, 65; Cooper v. Singleton, 19 Texas, 260; Carson v. Kelly, 57 Texas, 379; Neyland v. Neyland, 70 Texas, 24; Fagan v. McWhirter, 71 Texas, 567; Warner v. Munsheimer, 2 Texas Ct. App., 395.

3. The deed and notes being delivered respectively to the grantee and the payee, became operative, free from any conditions not expressed therein.    Warner v. Munsheimer, 2 Texas Ct. App., 395; 1 Dev. on Deeds, secs. 314–316; 1 Dan. on Neg. Ins., secs. 68, 79, 80; Tied. on Real Prop., 812, 813, 815; 3 Pom. Eq. Jur., sec. 816; Foley v. Cowgill, 32 Am. Dec., 49; Worrall v. Munn, 55 Am. Dec., 330; Parkhurst v. Van Cortland, 1 Johns. Ch. Rep. (N. Y.), 196, 273, 339; Jarvis v. Palmer, 11 Paige Ch. (N. Y.), 650.

4. Defendant in his answer does not allege any time within which the deeds and releases of the heirs of Marx's wife were to be made. Plaintiff tendered into court good and valid deeds and releases from the heirs of Marx's wife for their interest in the land, and the covenants of the deed of warranty and the parol agreement set up by defendant have been performed to the letter.    There being no statement of facts the

tender into court of the deeds does not appear, but the plaintiff's petition shows a tender, and it will be presumed in the absence of a statement of facts that the judgment is correct and that all the material allegations of the petition have been established. Portis v. Cochran, 1 Texas, 77; Greenwade v. Wailing, 30 Texas, 377; Smith v. Allen, 28 Texas, 501.

STAYTON, CHIEF JUSTICE.—This action was brought by Marx on three promissory notes executed by Earle on October 13, 1885, which on their faces purported to be given to secure the purchase money for seven hundred and fifty acres of land described in the petition, on which foreclosure of lien was sought. A copy of the deed from Marx to Earle was made an exhibit to the petition, bearing same date as the notes sued on, and containing a clause of general warranty.

The petitioner alleged that the land was the community property of himself and wife, deceased, at the time he made the conveyance to Earle, and that she left some children who were alive at the time that conveyance was made; but he alleged that Earle was fully informed of these facts when he received the conveyance and content to rely upon his warranty. He further alleged that he undertook to procure title to Earle from the children of his deceased wife, and tendered deeds from them. He also alleged that Earle took possession of the land at the time the deed and notes were executed, and that he had been in the uninterrupted possession since that time.

The pleadings of defendant are in substance thus stated correctly in brief for appellee:

"1. He excepted to plaintiff's petition because the heirs of Marx's wife were not made parties.

"2. He pleaded failure of consideration, and alleged that after he had discovered that the land in question was the community property of Marx and the heirs of his deceased wife he declined to proceed with the trade; that Marx immediately thereupon promised, contracted, and agreed that if defendant would   *   *   *   sign said notes he (plaintiff) would proceed to Galveston, where he and his children resided, and would forthwith perfect the title of such children's interest in said land to defendant; that thereupon defendant, relying on said contract and agreement and actuated thereby, agreed to and did sign said notes,   *   *   *   and plaintiff did sign said warranty deed; that so much of said contract as embraced said agreement to perfect the children's interest was not incorporated in said deed; that it was then and there understood between the parties that said transaction was not closed and was not to take effect and be operative until said plaintiff should perfect the title of said children's interest in said land to defendant; that defendant paid plaintiff $100 cash on delivery of the deed; that on July 1, 1886, he paid plaintiff $100; that on July 7, 1886, he

paid him $100 in full on a $200 note he also gave as part payment of said land; that on November 3, 1887, he paid plaintiff $171.50 interest on the three notes on which plaintiff sues; that on November 3, 1887, he paid $8 taxes for plaintiff, which he agreed to credit on said notes; wherefore he prays for a cancellation of said notes and for a judgment for the aforesaid sums of money, aggregating $479.50."

Plaintiff filed the following exceptions:

"1. Plaintiff excepts to all of defendant's answer except the general demurrer and general denial, and says the same is insufficient in law because it does not allege an eviction; does not allege fraud or concealment; does not allege the insolvency of the plaintiff or that he did not have full knowledge of the defect of title set up at the time of the execution and delivery of the notes sued on, and does not allege any facts to show that the deed to the land does not convey full title.

"2. Plaintiff excepts to all that part of defendant's special answer which sets up a parol agreement between the parties hereto at the time of the execution and delivery of the deed of warranty to the seven hundred and fifty acres of land, and says that the same is not sufficient in law, because the same was not in writing, as required by the statutes of fraud."

Which were sustained; and the parties went to trial on the general denial and plea of partial payment entered by defendant.

The cause was tried without a jury and resulted in a judgment for plaintiff, and in the absence of a statement of facts it must be presumed that all the material facts alleged were proved.

It is urged that the court erred in overruling defendant's exception which raised the question of necessity to make plaintiff's children parties, but we do not find that the court made or was requested to make any ruling on that question, but had the exception been overruled this would not have been erroneous. The notes were payable to the plaintiff, and it was a matter of no concern to the defendant what the arrangement may have been between the children and their father by which his title was perfected. The children had no claim on him resulting from the fact that he had made the notes to their father, nor from the fact that their father had made a deed to defendant.

The verbal agreement set up in defendant's answer was alleged to have been made contemporaneously with the execution and delivery of the deed and notes, which within themselves evidence a completed written contract, and the averments do not present a case in which the original contract was verbal and entire and a part only of it reduced to writing.

While it has been held in that class of cases last referred to that parol evidence would be heard to show what the entire contract was, we are of opinion that the answer did not make a case in which parol evidence ought to be heard to contradict or vary the written contract, and for

this reason if for no other the court below did not err in sustaining plaintiff's second special exception.

The other defense to which the court sustained an exception was, in effect, that there had been a partial breach of the warranty, and the exception states sufficiently the grounds on which the court below correctly ruled that so much of the answer set up no sufficient defense to the action. Cooper v. Singleton, 19 Texas, 260; Carson v. Kelly, 57 Texas, 379; Fagan v. McWhirter, 71 Texas, 567.

Finding no error in the judgment, it will be affirmed.

*Affirmed.*

Delivered February 24, 1891.