## St. Louis Southwestern Railway Company of Texas v. Hill & Morris.

### No. 1305. Decided April 25, 1904.

**1.—Statutes—Revision—Changes by New Arrangement.**

The mere arrangement and collation into the proper titles, chapters and articles by compilers preparing a revision of statutes, without altering the language of the law, and the adoption of their work by the Legislature, do not evince an intent to make a new or amend an existing law, though the language as newly arranged would carry a different effect from the original enactments. (Pp. 507-509.)

**2.—Same.**

The rule here announced is merely one of construction and does not rest on a want of power in the commissioners of revision to change the law, the effect of the revision coming from its adoption by the Legislature, whose intention to change the law, if apparent, would be given effect. (P. 509.)

**3.—Same—Railway—Order of Forwarding Goods—Penalty.**

The penalty denounced in article 4539, Revised Statutes, for a violation of any of the provisions of articles 4535 to 4538 does not apply to the requirement of article 4537 that railway companies shall forward all goods in the order in which they were received; the original enactment creating such duty (Act of April 10, 1883, sec. 8) imposed only liability for damage, not a penalty; its incorporation, without change of language, by the revision of 1895, into article 4537 (4253, Rev. Stats., 1879), for violation of which a penalty was imposed by article 4539 (4255, Rev. Stats., 1879) did not show an intent to make the act punishable by a penalty, though such was the effect of a literal application of the language of the latter section of the revision to the former. (Pp. 507-509.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Franklin County.

Hill and Morris sued the railway company for damages and statutory penalty. Defendant had judgment below. Plaintiff appealed and secured a reversal with rendition of judgment in their favor. The railway company then obtained writ of error.

*Glass, Estes & King* and *E. B. Perkins,* for plaintiff in error.—The Court of Civil Appeals erred in holding that the defendant's general demurrer to plaintiffs' petition was erroneously sustained by the trial court, for the reason that the codifiers of the Revised Statutes, contrary to the Constitution and the act of the Legislature providing for a revision of the laws, took an excerpt from the Act of 1883 and placed

it in the Act of 1887, so as to make the one thousand dollars penalty provided for by the last named act apply to the Act of 1883, and which excerpt is the part of article 4537 on which plaintiffs in their petition base their suit, and because the acts of the Legislature in approving the revision of the laws adopted only unsubstantial changes made in the revision, and because the court had no jurisdiction of the case for actual damages. Hartford Fire Ins. Co. v. Walker, 94 Texas, 479; Judd v. State, 62 S. W. Rep., 543; English and S. A. M. and Inv. Co. v. Hardy, 93 Texas, 295; Phipps v. State, 36 Texas Cr. Rep., 224.

*J. F. Jones,* for defendant in error.—A railroad company is liable to any shipper for the penalty of one thousand dollars, given by article 4539, Sayles' Civil Statutes, if it violates that portion of article 4537, Sayles' Civil Statutes, which declares "that where railroads in this State receive goods for transportation into their warehouses or depots, they shall forward them in the order in which they are received, the first received to be the first forwarded, without giving the preference to one over the other," etc.   Sayles' Civ. Stat., arts, 4537, 4539; Houston & T. C. Ry. Co. v. Smith, 63 Texas, 322.

Because subdivision 2 of article 4574 gives a right of action for a penalty for unjust discrimination, it does not take away the right of a person aggrieved to the penalty under article 4539, as article 4574 is only cumulative.   Sayles' Civ. Stats., art. 4581.

WILLIAMS, Associate Justice.—The defendants in error brought this suit, as plaintiffs, to recover of plaintiffs in error, as defendants, $150 damages and a penalty of $1000 under the provisions of articles 4537 and 4539 of the Revised Statutes, because of the failure of defendant to forward in the order in which it was received, as required by the latter part of article 4537, cotton delivered to it by plaintiffs. The District Court sustained demurrers to the petition and dismissed the cause after hearing the evidence. On appeal this judgment was reversed by the Court of Civil Appeals, and, upon the facts shown in the trial court, judgment was rendered for the plaintiffs for the penalty and damages, and this is now before this court for revision.

The principal contention of plaintiff in error is that the penalty prescribed by article 4539 is not given for such omissions as that alleged. The question arises from the arrangement made by the codifiers, in revising the statutes, of the provisions of different acts of the Legislature. The Act of April 10, 1883, contained this provision: "Sec. 8. Where railroads within this State receive goods for transportation into their warehouses or depots, they shall forward them in the order in which they are received; the first received to be the first forwarded, without giving the preference to one over another; and in case of failure to do so they shall be liable for all loss occurring while the goods remain, and for all damages occasioned or in anywise resulting from delay; provided, that the trip or voyage shall be considered as having commenced from the

time of the signing of bill of lading, and as having ended upon the arrival of freight at point of destination, and written notices served upon the consignee that it is ready for delivery upon payment of freight and charges. It is further provided, that should the consignee of the goods fail to receive them promptly after such notice is served, the liability of the railroads thereafter shall be the same as that of warehousemen."

It will be seen that no penalty was prescribed for failure to perform the duty there imposed, the only right of action given being one to recover damages.

The Act of April 2, 1887, amended articles 4251, 4252, 4253, 4254 and 4255 of the Revised Statutes of 1879, regulating the reciprocal rights and duties of connecting railroads in the interchange of business; and article 4255 prescribed a penalty as follows: "If any railway company doing business in this State shall fail or refuse to interchange business with any other railway company; or shall fail or refuse to interchange business on the same terms or for the same pro rata that it interchanges business with any other railway company in this State; or shall fail or refuse to honor or receive the tickets, coupon tickets, waybills, or baggage checks of any connecting railway upon the same terms and conditions that it receives or honors the tickets, coupon tickets, waybills or baggage checks of any other railway company; or shall violate in any manner any other provisions of this and the four preceding articles, such railway company so offending shall be deemed guilty of discrimination within the meaning of this act, and shall forfeit and pay to the person or corporation aggrieved thereby the sum of one thousand dollars as penal damages for each and every act of discrimination or violation of this act, which may be recovered in a civil action in any of the courts of this State having jurisdiction by law of such an amount, in the name of the person or corporation so suing; provided, nothing in this act shall be so construed as to prevent the recovery of any other damages, by any aggrieved person, firm or corporation, occurring by reason of the violation of this or the four preceding articles, nor to relieve any railway company, or its officers, managers, or agents, from prosecution for the violation of any penal law of the State."

The codifiers who prepared the Revised Statutes now in force collected into chapter 10 of title 94 many provisions of pre-existing statutes regulating the duties and liabilities of railroad companies, among them, as articles 4535, 4536, 4537, 4538 and 4539, the five articles of the Act of 1887. To article 4537 was added the provisions of section 8 of the Act of 1883, above copied, so that the language in article 4539 (article 4255 of 1887), "or shall violate in any manner any other provisions of this and the four preceding articles," seems to make the prescribed penalty apply to the violation of the Act of 1883, to which it did not before apply. None of the language in either of the statutes was so altered as to indicate an intention to make a change in the law. The compilers only "arranged and collated into the proper titles, chapters and articles" laws already existing, without material change. Such mere arrangement can not be

regarded as the enactment of any new rule or the amendment of any existing law, but is only a continuation of the statutes already in force. Hartford F. Ins. Co. v. Walker, 94 Texas, 478.

The position seems to be taken in the argument that no change could have been effected in the law for want of power in the commissioners, and we therefore deem it proper to say that the rule we apply is merely one of construction. The force of the Revised Statutes as laws comes from their adoption by the Legislature and not from the act of the codifiers, and if an intention to change the law appeared the question would be very different. What we hold is that, where there is no material change in the language, an intention to alter or amend the law is not to be inferred merely from the order or method of the arrangement in the revision. Smith v. Smith, 19 Wis., 522; Hughes v. Farrar, 45 Me., 72; Burnham v. Stevens, 33 N. H., 247; Doerfield v. Sutton, 1 Metc. (Ky.), 621; McNamara v. Minnesota Ry. Co., 12 Minn., 388; Conger v. Barker, 11 Ohio (N. S.), 1; Sedgwick, Stat. and Const. Law, pp. 365, 366, and authorities cited.

Since the penalty claimed in the petition was not recoverable and the amount claimed as damages was not within the jurisdiction of the District Court, the judgment sustaining the demurrers and dismissing the cause was right. Western U. Tel. Co. v. Arnold, *ante,* p. 365. The judgment of the Court of Civil Appeals will therefore be reversed and that of the District Court affirmed.

*Judgment of Court of Civil Appeals reversed and that of District Court affirmed.*