ALBA–MALAKOFF LIGNITE CO. v. HER-
CULES POWDER CO. (No. 8298.)

(Court of Civil Appeals of Texas. Dallas. Feb.
21, 1920. Rehearing Denied March
20, 1920.)

1. SALES ⬯404—BUYER MAY CONFIRM AND
RECONVENE FOR FRAUD WHEN SUED ON CON-
TRACT.

The buyer has various remedies for relief
from contracts induced by fraud, among which
is the right to confirm the contract after knowl-
edge of the fraud, and reconvene for damages
when sued upon the contract.

2. SALES ⬯418(2)—DAMAGES OF BUYER RE-
CONVENING FOR FRAUD WHEN SUED ON
CONTRACT STATED.

Where buyer confirms contract induced by
fraud with knowledge of the fraud, and recon-
venes for damages when sued upon the con-
tract, his measure of damages is the difference
at the time and place of delivery in the market
value of the article actually delivered and the
market value of that contracted for.

3. EVIDENCE ⬯142(1)—PRICE PAID FOR OTH-
ER GOODS HELD NOT ADMISSIBLE TO SHOW
MARKET VALUE.

In a seller's action for price of blasting
powder, where buyer reconveyed for damages
sustained because of misrepresentations as to
the strength of powder, evidence as to the differ-
ence between the price paid for such powder
and that paid for other powder buyer was re-
quired to purchase *held* inadmissible, since mar-
ket value is not to be shown in that way, and
such proof would show exceptional and not
market values.

4. SALES ⬯418(19)—INCREASE OF COST AND
LOSS OF PROFITS NOT RECOVERABLE FOR MIS-
REPRESENTATIONS AS TO STRENGTH OF BLAST-
ING POWDER.

Mine operator, which retained powder of
inferior power to that contracted for, could
not, upon seller's action for price, recover as
damages for seller's misrepresentations as to
quality of powder the increase in the cost of
operating the mine and the loss of production
and for profits due to the inferior quality of
powder; such damages not being the natural
and probable result of seller's breach and being
too remote to be definitely ascertained.

5. TRIAL ⬯170—JUDGMENT FOR PLAINTIFF
ON DIRECTED VERDICT AFFIRMED THOUGH
EVIDENCE WAS SUFFICIENT TO GO TO JURY
WHERE DEFENDANT REFUSED TO AMEND.

In seller's action for price, where buyer re-
convened for damages for misrepresentations of
quality, and where there was evidence that the
goods purchased were of some value, court on
appeal will affirm judgment for seller rendered
on a directed verdict, notwithstanding that evi-
dence showed that goods were not of the quality
represented, and that the difference in value of
that actually delivered and that contracted for
was considerable, where buyer relied on alle-
gation that goods were worthless, and refused to
amend pleading so as to ask judgment for the
difference of the value of goods delivered and
that contracted for.

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Henderson
County; John S. Prince, Judge.

Suit by the Hercules Powder Company
against the Alba-Malakoff Lignite Company.
Judgment for plaintiff, and defendant ap-
peals. Affirmed.

Miller & Miller, of Athens, for appellant.
Spence, Haven & Smithdeal, of Dallas, for
appellee.

RASBURY, J. Appellee sued appellant in
the court below, alleging, in substance, that
it sold and delivered to appellant, and the
latter accepted, 900 kegs of blasting powder
at the agreed price of $1.85 per keg or
$1,665, payment of which was to be made
30 days after date of invoice, which it failed
and refused to do, etc. Appellant answered,
in substance, that before purchasing powder
appellee was informed that it desired to use
the powder for blasting lignite in its mines,
and that appellee represented and warranted
its powder to be of the standard quality used
for that purpose, which appellant believed
and upon which it relied, but that such rep-
resentations were in fact false, made to and
which did deceive appellant, for that, when
said powder was placed with appellant's
miners for the purpose of blasting, it was
found to be inferior, in that it lacked the
strength and force to perform the service that
blasting powder of the standard generally
used would perform under similar conditions,
and was entirely worthless for the purpose
for which it was sold and warranted, and as
a consequence there was a total failure of
consideration, in addition to which such pow-
der, when exploded, created an abnormal
volume of smoke, thereby preventing re-entry
of the miners and as a consequence much loss
of time. Following the allegations recited,
appellant sought to recover in reconvention
the following items of damage: (1) Appel-
lant borrowed 100 kegs of Alton powder from
Consumers' Lignite Company, to be used in
connection with appellee's inferior powder,
and repaid same with Alton powder, which
cost $2.35 per keg, or 50 cents per keg advance
over the price at which appellee warranted
to deliver similar powder, and aggregating
$50; (2) appellant purchased 50 kegs of pow-
der from Texas Powder Company, paying
therefor $2.35 per keg, or 70 cents per keg
advance over the price at which appellee
agreed to deliver similar powder, or a total
of $35; (3) a similar purchase from Texas
Powder Company of 300 kegs of powder at
an advance of $1.08 per keg over the price at
which appellee agreed to deliver similar pow-
der, or a total of $324; (4) damages for in-
creased cost of output at its mines in Decem-
ber, 1918, due to use of appellee's powder,
$373; (5) damages for increased operating
expense and loss in production from April,

1918, to September, 1918, due to use of appellee's powder, $2,000; (6) profits on 4,000 tons of coal, which would have been produced, but for the inferiority of appellee's powder, $500.

Exceptions challenging the right of appellant to recover the damages detailed above were sustained, and the action of the court in that respect is assigned as error. We conclude the court did not err.

[1, 2] The buyer has various remedies for relief from contracts induced by fraud (Mechem, Sales, vol. 2, § 940); among which is the right to confirm the contract after knowledge of the fraud, and reconvene for damages when sued upon the contract. Grabenheimer v. Blum, 63 Tex. 369; Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; 35 Cyc. 617. Such is the form of remedy adopted by appellant as disclosed by its pleading. The measure of damages in such cases generally is the difference, at the time and place of delivery, in the market value of the article actually delivered and the market value of that contracted to be delivered. Florida Athletic Club v. Hope Lumber Co., 18 Tex. Civ. App. 161, 44 S. W. 10, and case cited.

[3] None of the items enumerated, and for which appellant sought judgment, represent, or are claimed to represent, the recoverable damages in such cases. The first three items, aggregating $490, in final analysis, but represent the difference between what appellant agreed to pay appellee for Hercules powder and what he had to pay another mining company in one instance and a dealer in the others for powder that would perform the work that Hercules powder would not perform. Obviously, to prove that he did pay the prices alleged would be no proof at all of the difference in the market value of the powder delivered and that for which appellant contracted. It is so because market value is not to be shown in that manner, and it is so also because, market price being the basis for estimating the damages, proof of such items would, in effect, be to permit proof of exceptional and not market values, for it is conceivable that the price paid for an article may often be in excess of the market price, depending to an extent upon the need of the purchaser and the availability of the article.

[4] As to the other items, that is, increase in cost of operating the mine, loss in production and of profits due to the inferior quality of appellee's powder, appellant was not, in our opinion, under his pleading entitled to recover same: First, because such losses have repeatedly been held not to be in the contemplation of the parties under the ordinary contract of sale and purchase, since they are not the natural and probable result of the breach of the contract; and, secondly, because, as alleged, they are so remote as to be incapable of definite ascertainment.

[5] At the conclusion of the evidence the court peremptorily directed verdict for appellee. The court's action in that respect is assigned as error. Concerning such contention, we have carefully examined the evidence from the standpoint of appellant, and it is our opinion that the evidence so considered tends to show that the powder delivered to and accepted by appellant was not of the quality represented, and that the difference in value of that actually delivered and that that the parties stipulated should be delivered was considerable. We are, however, constrained to the conclusion that that fact will not warrant a reversal of the case, for the reason that the appellant did not, when the court sustained exceptions to the items of damage herein enumerated, amend its pleading, and by appropriate allegations ask judgment for the difference in value of the powder delivered and that contracted for. Instead of pursuing that course, which under the pleading was the true remedy, appellant relied upon its allegation that the powder was worthless and as a consequence there was a total failure of consideration. The evidence did not support that contention, since it appears that appellant disposed of all of it to its miners, the bulk of it at $2 per keg and some of it at $2.35 per keg. The prices, however, were less than the price that the powder contracted for would have sold for according to appellant's witnesses.

The pleading and evidence being as detailed, that is, no plea asserting the true measure of damages or prayer therefor, and the evidence failing to show a total failure of the consideration, there was no issue to submit to the jury.

Finding no reversible error in the record the judgment is affirmed.