# ALBA–MALAKOFF LIGNITE CO. v. HERCULES POWDER SALES CO.*
## (No. 270–3496.)

(Commission of Appeals of Texas, Section A. Dec. 14, 1921.)

Sales ⊗⟝188, 355(1)—Plea of failure of consideration permits proof of partial failure and abatement therefor.

The plea of total failure of consideration includes a partial failure, and entitles the buyer on proof thereof to an abatement in price.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by the Hercules Powder Sales Company against the Alba-Malakoff Lignite Company. From a judgment for plaintiff, defendant appealed to the Court of Civil Appeals and on affirmance of the judgment below (219 S. W. 554) brings error. Judgments reversed, and case remanded to district court for new trial.

Miller & Miller, of Athens, for plaintiff in error.

Spence, Haven & Smithdeal, of Dallas, for defendant in error.

GALLAGHER, J. Hercules Powder Sales Company, defendant in error, sued Alba-Malakoff Lignite Company, plaintiff in error, and alleged that it sold and delivered to said Lignite Company 900 kegs of blasting powder at the agreed price of $1.85 per keg, amounting in the aggregate to $1,665. The Lignite Company pleaded that before the purchase of said powder it informed the Powder Sales Company that it desired to use said powder for blasting lignite in its mines, and that the said company represented and warranted the powder so purchased to be of standard quality, and that it believed said representations and relied on them in the purchase of said powder. It further alleged that such representations were false, and that the powder furnished was inferior and worthless for the purposes for which it was sold by the Powder Sales Company, and that as a consequence there was a total failure of consideration. It also pleaded various items of special damage alleged to have resulted to it in attempting to use such powder. The court sustained exceptions to all said pleas of special damage, and the Lignite Company, refusing to amend, went to trial on its plea of total failure of consideration. There was a trial before a jury, at the conclusion of which the court instructed a verdict in favor of the Powder Sales Company for the amount sued for, and entered judgment on the verdict so rendered. The Lignite Company appealed, and the

Court of Civil Appeals affirmed the judgment. 219 S. W. 554.

The Supreme Court granted a writ of error on the application of the Lignite Company. Plaintiff in error, in its application for the writ, complains of the action of the Court of Civil Appeals in overruling its assignment that the trial court erred in giving a peremptory instruction to find for defendant in error for the agreed purchase price of the powder. The Court of Civil Appeals held that there was evidence tending to show that the powder delivered to and accepted by plaintiff in error was not of the quality represented, but was inferior and worth materially less than the kind of powder contracted for, but that it was of some value, and the plaintiff in error was precluded from any reduction of the purchase price because it had pleaded a total failure of consideration and had shown by the evidence only a partial failure of consideration. We think the Court of Civil Appeals erred in the latter holding. The plea of total failure of consideration included a partial failure. If the powder received by plaintiff in error was inferior in quality to the powder contracted for, and worth less than the sum it had agreed to pay therefor, it was entitled to an abatement of the purchase price in proportion to such difference. Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 38, 112 S. W. 1047; Brantley v. Thomas, 22 Tex. 270, 273, 73 Am. Dec. 264.

We recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and the case remanded to the district court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.

---
⊜⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes