**WINKLER v. CREEKMORE. (No. 474–3856.)\***

(Commission of Appeals of Texas, Section A. Dec. 12, 1923.)

1. **Evidence** ☞441(7)—**Oral guaranty that two wells would be driven under written drilling contract held inadmissible.**

In a suit on a note given for an interest in an oil lease subject to the terms of a written drilling contract, providing for the drilling of a second well, defendant's testimony that plaintiff orally guaranteed that at least two wells would be driven *held* inadmissible as contradicting the written contract.

2. **Appeal and error** ☞719(11) — **Appellant, not raising issue of fraud, cannot insist on admissibility of oral guaranty.**

Where the record does not disclose that defendant contended, in the trial court or Court of Civil Appeals that he was induced to execute a note sued on by fraudulent misrepresentations, and his petition for writ of error presents no proposition under his assignments of error raising such issue, he cannot insist on the admissibility of evidence of an oral guaranty varying a written contract, even if his answer sufficiently alleged fraud inducing the contract and execution of the note.

3. **Mines and minerals** ☞74—**Fraudulent representations inducing execution of note for interest in oil lease held insufficiently alleged.**

In an action on a note given for an interest in an oil lease subject to the terms of a drilling

contract providing for the drilling of a second well, which defendant claimed that plaintiff orally guaranteed would be drilled, allegations of the answer that plaintiff knew, when the representations were made, but failed to inform defendant, that plaintiff would not drill a second well unless the first well produced oil in paying quantities, and that "said representation was made * * * for the purpose of inducing this defendant to enter into said contract," etc., did not, sufficiently allege fraud inducing the contract, there being no allegation that the representations were fraudulently made to deceive, or that defendant did not know that plaintiff would not drill the second well unless the first produced oil.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Suit by T. A. Creekmore against N. Winkler. Judgment for defendant affirmed by Court of Civil Appeals (241 S. W. 730), and plaintiff brings error. Affirmed.

V. L. Shurtleff, of Breckenridge, and Chas. L. Black, of Austin, for plaintiff in error.

Leverton & Hardy, of Breckenridge, and G. B. Smedley, of Austin, for defendant in error.

BISHOP, J. The opinion of the Court of Civil Appeals is reported at 241 S. W. 730. We quote, in part, the statement of the case there made.

"Pick Campbell, Cleve Johnson, and S. H. and H. O. Tatum were the owners of an oil and gas lease covering 10 $10/11$ acres of land in Stephens county, and upon January 17, 1920, they entered into a drilling contract with Henry Riley, whereby Riley obligated himself to begin the drilling of a well on the premises on or before June 1, 1920, and drill the same 3,500 feet deep unless oil was found in paying quantities at a lesser depth."

Riley was to drill the well at his own expense, and also obligated himself to drill a second well beginning actual drilling of same within 90 days after drilling ceased on the first well. This drilling contract contained also the following:

"It being understood that party of the second part is to drill at least two wells on said premises and as many more as is necessary to fully develop said premises, or as many that become necessary to properly offset wells on adjoining territory. Each of said wells on the said premises shall be drilled to a depth of at least 3,500 feet unless oil is found in paying quantities at a lesser depth, or unless parties hereto agree in writing to cease operation sooner.

"The expense of drilling, equipping and connecting to the pipe lines all wells except the first well shall be borne by the parties hereto, one-half by party of the first part, and one-half by party of the second part, and the expense of operating all wells, after they are connected to pipe lines, shall be borne in like manner, one-half by each party hereto."

"On the same date the Tatums, Johnson, and Campbell transferred and assigned unto T. A. Creekmore, his heirs and assigns, a one-fourteenth undivided interest in and to said leasehold interest, subject to the oil and gas lease and to the terms and conditions of said drilling contract. On July 30, 1920, Creekmore conveyed an undivided $1/32$ interest in the leasehold unto N. Winkler in consideration of a note for $5,500 executed by Winkler in favor of Creekmore. This transfer from Creekmore recites the assignment to him from Campbell and others dated January 17, 1920."

It conveys the $1/32$ interest, subject, however, to the terms and conditions of the lease and drilling contract, and provides as follows:

"It is expressly understood that N. Winkler is to receive $1/32$ of the production under the above-mentioned contracts, free of any cost to N. Winkler, except the consideration mentioned, and in case there is no production within the terms of said contracts, or valid extension thereof, then this assignment shall become null and void, but the validity of the hereinbefore mentioned note shall not be affected in any way."

The suit was filed by defendant in error, Creekmore, in the district court of Stephens county, setting up the note and also the written transfer from him to Winkler, plaintiff in error, and alleging the execution and delivery by Winkler of the note in payment of the $1/32$ interest conveyed.

Plaintiff in error in his answer set out in full the drilling contract, the assignment to Creekmore, and the assignment to himself, and alleged that at the time the note was executed plaintiff in error personally guaranteed that there would be at least two wells drilled on the property under the terms of the drilling contract; that the second well has not been drilled under its terms, and that the consideration for which the note was given has failed, and that he was not liable thereon.

The trial court instructed a verdict for defendant in error, and on appeal from the judgment rendered and entered thereon the Court of Civil Appeals affirmed the judgment.

[1] On the trial the court excluded the testimony offered by plaintiff in error, while testifying in his own behalf, to the effect that, at the time the trade was made between himself and Creekmore, the latter guaranteed that at least two wells would be drilled on the property, and that the second well would be drilled within 90 days after the first well was completed, and error is assigned on the exclusion of this testimony.

As far as the drilling of a second well as part of the consideration is concerned, the note, together with a transfer of an undivided $1/32$ interest to plaintiff in error, constituted the final contract between the parties. The conveyance recited that the consideration for same was the note, and that the conveyance to plaintiff in error was subject "to the terms and conditions of the lease

and drilling contract." To give effect to this proposed evidence would be to disregard the terms and conditions of the drilling contract, and to make the conveyance subject to a personal guaranty on the part of defendant in error that at least two wells would be drilled under the terms of the drilling contract. Such evidence would be to contradict the written contract and to make the conveyance subject, not to the terms and conditions of the drilling contract, but to a personal guaranty that two wells would be drilled under the terms of the drilling contract. The drilling contract between Campbell and others and Riley provided for drilling a second well, and that the expense of so doing was to be borne equally by the parties to the contract. It also provided that all wells were to be drilled 3,500 feet unless oil was found in paying quantities at a lesser depth, or unless parties to the contract agreed in writing to cease operation sooner. Having accepted this conveyance subject to these terms and conditions, plaintiff in error cannot now claim that an oral guaranty given at the time the note and conveyance was executed should be considered to defeat his liability on the note. The admission of this evidence would be a violation of the rule which excludes evidence of contemporaneous parol agreements to alter, vary, or contradict the terms of a valid written contract. Harper v. Lott Town & Improvement Co. (Tex. Com. App.) 228 S. W. 188; Earle v. Marx, 80 Tex. 42, 15 S. W. 595; Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37; Luckenback v. Thomas (Tex. Civ. App.) 166 S. W. 99.

[2] The Court of Civil Appeals in its opinion expressly states that "there is no allegation of fraud inducing the contract." In the petition for writ of error no complaint is made as to this finding. The record does not disclose that plaintiff in error contended either in the trial court or in the Court of Civil Appeals that he was induced to execute the note sued on by reason of any fraudulent misrepresentations.

In his petition for writ of error plaintiff in error presents no proposition under his assignments of error which would raise this issue. This petition for the writ was filed in the Supreme Court on July 3, 1922. On November 13, 1923, a written argument was filed in which plaintiff in error presents the following proposition:

"It being alleged in the answer of plaintiff in error that the oral representations and promises were made with knowledge that the same would not be performed, and that the making of said representations and promises induced plaintiff in error to sign the note sued on, and that he would not have signed same had he known that said oral representations and promises would not be performed, parol evidence was admissible to show the making of said oral representations and promises and the fact that same were not performed."

In this state of the record we are of opinion that plaintiff in error has waived his right to insist that evidence of this oral guaranty is admissible under his allegation of fraud, even if his answer in the trial court sufficiently alleged fraud inducing the contract and the execution of the note.

[3] The allegation relied upon is as follows:

"Defendant further shows to the court that plaintiff knew, at the time said representations were made, that plaintiff and those associated with him would not drill a second well unless said first well produced oil in paying quantities, but wholly failed to so state to this defendant, and said representation was made and said guaranty was made for the purpose of inducing this defendant to enter into said contract, and but for same would not have executed and delivered to plaintiff herein the note sued on."

There is no allegation that the representations were fraudulently made; that plaintiff in error did not know that defendant in error and his associates would not drill the second well unless the first well produced oil; nor that the oral guaranty or representations were made with the purpose to deceive. We are of opinion that the Court of Civil Appeals did not err in finding that "there is no allegation of fraud inducing the contract." Carson v. Kelley & Sweatt, 57 Tex. 379; Thrasher v. Walsh (Tex. Civ. App.) 228 S. W. 961; Carson v. Houssels (Tex.) 51 S. W. 290; Luckie v. McGlasson, 22 Tex. 282; Carter v. Carter, 5 Tex. 93; McMahan v. Rice, 16 Tex. 335; 12 R. C. L. 419; 27 Corpus Juris, pp. 28–30.

We recommend that judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.