## ROBERT & ST. JOHN MOTOR CO. v. BUMPASS.

### No. 1151.

Court of Civil Appeals of Texas. Eastland.

Sept. 29, 1933.

Rehearing Denied Dec. 1, 1933.

Frank E. Smith, of Abilene, for appellant.
Sayles & Sayles, of Abilene, for appellee.

FUNDERBURK, Justice.

This suit was brought by Robert & St. John Motor Company against E. B. Bumpass to recover upon a note and to foreclose a chattel mortgage lien. The defendant pleaded a cross-action, seeking recovery upon a number of different items aggregating more than $1,000. The judgment awarded recovery, in part, upon the cross-action; thus reducing the amount otherwise recoverable on the note. The plaintiff has appealed. Any further statement of the case necessary to an understanding of the questions presented for decision will be made as a part of the discussion which follows.

The first assignment of error challenges the jurisdiction of the trial court over the subject-matter of the cross-action. More specifically the question is: Does the county court have jurisdiction of a cross-action consisting of separate items aggregating more than $1,000, if as to one or more such items the pleading shows, as a matter of law, no right of recovery, and the aggregate of the remaining items is less than $1,000? This question arises upon this record in manner as follows: One item sought to be recovered is $250 on the bond of a receiver in the case and his sureties. Neither the receiver nor any surety was a party to the suit. The ground upon which recovery was sought upon the bond was not any wrong charged to the receiver, but an alleged wrong of the plaintiff. As a matter of law, we think, there was no cause of action alleged authorizing recovery of the $250 on the bond or any part thereof.

Another item sought to be recovered was $150 for attorney's fees incurred in attempting to get rid of the alleged wrongful receivership. There are no allegations to the effect that the receivership proceeding was instituted as the result of malice or without probable cause on the part of the plaintiff to believe that same was necessary or proper. The general rule is that there exists no right of action for damages resulting from the institution and prosecution of a civil action. 1

Tex. Jur. 629, § 20 (and authorities cited under note 6). An exception to this rule does allow a right of action for the abuse of legal process where property is seized or in some manner injuriously affected. Id. But essential elements of a cause of action coming within this exception are malice and want of probable cause; in other words, allegations sufficient to constitute the well-known action of malicious prosecution. The cross-action containing no averment of malice or want of probable cause was, in our opinion, insufficient to state a cause of action for any part of the $150 claimed as attorney's fees. Other items in the cross-action need not be noticed; the sum of the two items mentioned aggregate $400, which deducted from the total claimed reduces the amount in controversy to a sum less than $1,000.

The applicable principle of law has been declared by the courts with particular reference to a plaintiff's petition and the minimum amount in controversy to give jurisdiction as follows: "If the facts alleged be such as to show no cause of action as to such a part of the whole sum sued for as to reduce it below the amount for which the court has jurisdiction, the suit will be dismissed." 11 Tex. Jur. 741, § 27; W. U. Tel. Co. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8; C. B. Carswell & Co. v. Habberzettle, 99 Tex. 1, 86 S. W. 738, 122 Am. St. Rep. 597; City of Fort Worth v. Zanecetti (Tex. Com. App.) 29 S.W.(2d) 958; St. Louis S. W. Ry. Co. v. Hill, 97 Tex. 506, 80 S. W. 368. As applicable to the circumstances of the instant case, the operation of the same principle would be stated thus: If the facts alleged in a defendant's cross-action (the court having jurisdiction of plaintiff's suit) be such as to show no cause of action as to such a part of the whole sum sued for as to reduce it to an amount for which the court has jurisdiction, the cross-action will not be dismissed. It is immaterial in such case that the total sum may exceed the maximum jurisdictional amount. We are therefore of the opinion that the trial court was not shown to be without jurisdiction of the cross-action.

The cross-action did not seek cancellation of the note so as thereby to require that the amount of the note be included as a part of the amount in controversy in the cross-action; hence Billings v. Southern Supply Company (Tex. Civ. App.) 194 S. W. 1170, and other cases cited on this point have no application.

■ One of the claims asserted in the cross-action was for damages for false and fraudulent representations concerning the condition of the automobile for a part of the purchase price of which the note sued on was given. The amount of damages claimed, being $250, was the alleged difference between the reasonable cash market value of the said automobile at the time and place of its purchase in the condition it was so represented to be in and its then actual condition. The verdict found and the judgment included $50 as damages so measured. Two cows of the agreed value of $100 constituted a part of the consideration for the automobile. The true measure of damages, if any, was the difference between the value of that which defendant gave and that which he received in the deal. In other words, the difference between the value of the cows plus the cash plus the note given on the one hand, and the value of the automobile on the other. For a discussion of the principle of this rule for the measure of damages, see George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 104, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. The measure of damages applied in the instant case was expressly disapproved and the correct measure of damages stated by this court in B. & H. Motor Company v. Tucker, 299 S. W. 949.

Another item claimed in the cross-action amounted to $120. This was the difference in the proceeds of the sale of one thousand bushels of oats, and the amount that would have been received by defendant had he been credited with the one thousand bushels of oats at 25 cents per bushel. An oral agreement was alleged obligating the plaintiff, if resort became necessary to the security consisting of the mortgage on the one thousand bushels of oats, to allow defendant a credit of 25 cents per bushel. The mortgage gave the plaintiff as mortgagee the right to sell the oats "either at public auction or private sale," to make specified application of the proceeds, and to become the purchaser at the sale. The alleged oral agreement to allow a credit of 25 cents per bushel was plainly inconsistent with such provisions of the mortgage. Evidence of the oral agreement was, therefore, inadmissible as having the effect to vary the terms of the mortgage, and no recovery could be had by reason thereof.

Because of the errors mentioned, the judgment of the court below must be reversed, and the cause remanded for another trial, which is accordingly so ordered.

### On Rehearing.

■ In our original opinion we sustained appellant's third proposition relative to the measure of damages based upon the understanding that the defendant by his cross-action sought recovery of damages for false representations, or, in other words, for fraud. In the motion for rehearing it is insisted that the pleading sought recovery, and the verdict and judgment awarded recovery of damages for breach of a warranty. On this point the record is not free from ambiguity. If it be granted that damages for breach of a warranty were claimed, the measure of damages would be the difference between the purchase price of the automobile ($700) and the value of same in its defective condition at the time

of the purchase. Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S. W. 1047; Alba-Malakoff Lignite Co. v. Hercules Powder Sales Co. (Tex. Com. App.) 235 S. W. 547; Swift et al. v. Roach (Tex. Civ. App.) 266 S. W. 846. It therefore appears that the measure of damages applied was not correct under either interpretation of the pleadings. It is suggested that before another trial, defendant's pleadings in this respect should be amended to show with certainty whether the damages be claimed for false representations or for breach of a warranty.

■■ The principle that a parol agreement which constitutes the consideration for a written contract may, when the latter shows no consideration of a promissory nature, be proved by parol evidence, is not denied in the original opinion. On the contrary, it is recognized, but with its proper qualification that the asserted rights or obligations resting in parol cannot be proved if they contradict, add to, or restrict the rights or obligations expressed in the written portion of the contract. As said by Williston: "If a contract is even partially reduced to writing, the written portion is no more subject to contradiction by parol than the entire contract would be had it been wholly reduced to writing." Williston on Contracts, vol. 2, § 636.

The oral agreement alleged to have been a part of the consideration for the mortgage of a thousand bushels of oats was to the effect that plaintiff would allow credit (on the note) for at least 25 cents per bushel for the thousand bushels of oats at the time of their delivery.

■ The testimony, the exclusion of which is assigned as error, when closely examined, seems to be subject to an objection not made, viz., that there was no pleading to support same. In other words, the testimony tended to show a different agreement than the one alleged. Testimony excluded even for an improper reason would not be prejudicial error if it tended to prove no issue in the case. We shall, therefore, for the purpose of this discussion ignore the apparent variance and limit the inquiry to the question of whether testimony tending to prove the particular agreement alleged would be admissible.

■ In the original opinion we construed the agreement alleged to be one, the effect of which was to impose upon appellant the obligation to *purchase* the thousand bushels of oats at a minimum price of 25 cents a bushel. Under that construction we rightly concluded, we think, that the parol agreement was in conflict with the terms of the written mortgage, which, among other things, gave appellants the right to *sell* the oats at public auction and to become the *purchaser* at such sale. A pre-agreed price would be wholly inconsistent with a sale at public auction, in which the sale would be determined by the highest price bid. We now recognize, however, that we misconstrued the agreement alleged. Plainly and simply stated, the agreement alleged was that in the event the oats should sell for less than 25 cents per bushel appellants would credit the note with the difference between the sale price and 25 cents per bushel. Proof of such agreement, if permitted, would vary the obligation of appellee as expressed in the note, which the mortgage on the thousand bushels of oats was given to secure, and which, therefore, was part of one and the same contract. Its direct effect would be to show that $307.50, the amount which the note purported to obligate appellee to pay absolutely, was not the amount he was liable to pay, but that upon the contingency that the oats sold for less than 25 cents per bushel the amount he was really liable to pay was the principal of the note less the difference between the actual sale price of the thousand bushels of oats and a price of 25 cents per bushel.

■ We recognize that much inconsistency is to be found in the decisions. It is our conclusion, however, that this case is properly ruled by a proposition which may be stated as follows: The parol evidence rule forbids the proof of any oral agreement varying the time of payment, or *reducing*, or increasing the amount stipulated in the written contract to be paid, as for example (of the latter) *an agreement that a less sum is to be paid upon a certain contingency* or providing for a remission or rebate of a portion of the principal or interest, or providing that payment is to be made in something besides money. 17 Tex. Jur. p. 845, § 383; Evans v. Swartz (Tex. Civ. App.) 264 S. W. 234; Houston, E. & W. T. Ry. Co. v. Browder (Tex. Com. App.) 283 S. W. 154; Shaw v. Lumpkin (Tex. Civ. App.) 241 S. W. 220; Chalk v. Daggett (Tex. Com. App.) 257 S. W. 228; Helmke v. Prasifka (Tex. Civ. App.) 17 S.W.(2d) 463; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Guarantee Life Ins. Co. v. Davidson (Tex. Com. App.) 234 S. W. 883; Coverdill v. Seymour, 94 Tex. 1, 57 S. W. 37; Earle v. Marx, 80 Tex. 39, 15 S. W. 595; Morriss v. Hesse (Tex. Civ. App.) 210 S. W. 710, affirmed (Tex. Com. App.) 231 S. W. 317.

We, therefore, conclude that the motion for rehearing should be overruled, which is accordingly so ordered.