**LONE STAR FINANCE CORPORATION et al. v. DAVIS.**

**No. 1325.**

Court of Civil Appeals of Texas. Eastland.

Nov. 9, 1934.

Castle, Gammage & Mercer, of Houston (Earl W. Gammage, of Houston, of counsel), for appellants.

John Davenport, of Wichita Falls, for appellee.

FUNDERBURK, Justice.

A. L. Davis sued Auto Refinance Corporation and Lone Star Finance Corporation, not alleging whether or not the defendants were corporations, other than once to refer to them as "said corporations." Plaintiff sought recovery of damages for the alleged conversion of a Chevrolet automobile, the market value of which was averred to be $575. He alleged that he had executed a note to Auto Refinance Corporation for $390, due in installments of $32.50 each month, beginning February 14, 1933, given for a loan of $300 used in part payment for said car, and that $90 of said note was usury. He alleged that on February 25, 1933, he agreed to deliver said car to the defendants, and that through their authorized collector and agent, Talmadge Potter, the latter agreed to hold said car for defendants for a period of 30 days from and after said February 25, 1933, and said agent agreed with plaintiff that if, before the expiration of the 30 days, the plaintiff could pay said note, defendants would make immediate delivery of said automobile to plaintiff. He further alleged that about 3 weeks thereafter he tendered to defendants the amount of said note, but that prior thereto the defendants "within a few days after said car was delivered

to them disposed of same with the knowledge that they had agreed to give this plaintiff 30 days in which to pay said note, or the amount due the defendants, without knowledge or consent of this plaintiff, or without giving him an opportunity to redeem same." It was further alleged that plaintiff was a building contractor; that he had been out the use of the car for 4 months; that the reasonable worth and rental value of same to plaintiff during said time was $2.50 per day; and that, by reason of said conversion, plaintiff had been damaged in the sum of $305, in addition to the reasonable value of the car converted; the damages claimed for the last-named item, by reason of the amount acknowledged to be owing on the car, was limited to $275, making a total of damages claimed $580.

The Lone Star Finance Corporation filed a plea of privilege, in due form, to be sued in Harris county as the county of its residence. Plaintiff's controverting plea alleged, in substance, that the suit was for conversion of one Chevrolet automobile of the reasonable cash market value of $500, and for damages in the sum of $900; that said automobile was delivered to the defendants, Auto Refinance Corporation and Lone Star Finance Corporation, by turning same over to their agent, R. B. Morton, in Wichita county, Tex.; that, within 2 weeks after said car had been left with the defendants and their agent, said defendants, through their agent in Wichita county, had disposed of said automobile without any notice to, knowledge, or consent of the plaintiff, which transaction was referred to as a conversion of personal property, which, it was alleged, took place in Wichita county, and constituted a trespass within the provision of subdivision 9, art. 1995, R. S. 1925.

The Lone Star Finance Corporation urged a general demurrer to the controverting plea, which was overruled, after which, upon a hearing of the plea of privilege, same was also overruled, to which action both defendants excepted and gave notice of appeal. Although the order overruling the plea of privilege refers to pleas of both defendants, and purports to overrule both, the record shows no plea of privilege, nor controverting plea, as to the defendant Auto Refinance Corporation.

The case was tried on its merits, and, upon the verdict of the jury rendered in response to special issues submitted, the court gave judgment for the plaintiff against both defendants for the sum of $300, from which the defendants have appealed.

■ Plaintiff's controverting plea, in answer to the plea of privilege of Lone Star Finance Corporation, as a pleading received no aid from the plaintiff's petition. Conceding, as it has sometimes been held, that the plaintiff's petition may be made a part of a controverting plea by reference and adoption of its allegations, there was no such reference and adoption in the controverting plea here involved. Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347; Bramblett v. Roby State Bank (Tex. Civ. App.) 67 S.W.(2d) 450; Lawless v. Tidwell (Tex. Civ. App.) 24 S.W. (2d) 515.

■ The controverting plea alleged that the suit was one for conversion of personal property, that the conversion consisted of disposing of a Chevrolet car without the knowledge or consent of the plaintiff, and that said car was so disposed of in Wichita county, Tex. We are of the opinion that the controverting plea, as against the general demurrer, sufficiently stated the fact, or facts, relied upon to fix the venue in Wichita county under exception 9 of R. S. 1925, art. 1995. In passing upon a plea of privilege properly controverted, the question to be determined by the judgment is whether the suit may be tried in the county where it is brought, or must be tried in the county of the residence of the defendant filing the plea of privilege. If the court has jurisdiction of a case, it is immaterial in the trial of the issues joined by a plea of privilege and controverting plea whether plaintiff's petition states a cause of action or not. Pleas of privilege, in due order of pleading, precede general demurrers. District court rule 7, 142 S. W. xvii; Townes' Texas Pleading, p. 517. A nonresident defendant, if entitled to have the venue changed, has the right to have the court of his domicile pass upon exceptions to the pleadings. To maintain venue under exception 9, two facts must be properly shown to exist: First, that the suit is one based upon a crime, offense, or trespass. The other, that the offense, crime, or trespass was committed in the county where the suit is brought. The conversion of personal property is a trespass. Palmer v. Pinkston (Tex. Civ. App.) 282 S. W. 668; Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; Hall v. Saunders (Tex. Civ. App.) 15 S.W.(2d) 717; Kirby v. Fitzgerald (Tex. Civ. App.) 35 S.W.(2d) 763; American Mort. Corp. v. Smith (Tex. Civ. App.) 35 S. W.(2d) 1092; Thorp Springs Christian College v. Dabney (Tex. Civ. App.) 37 S.W.(2d) 193; Graves v. Buzbee (Tex. Civ. App.) 45 S.W.(2d) 392; Carver Bros. v. Merrett (Tex. Civ. App.) 184 S. W. 741; Garden Valley

714

Mer. Co. v. Falkner (Tex. Civ. App.) 189 S. W. 300; Bank of Carbon v. Coxe Mer. Co. (Tex. Civ. App.) 241 S. W. 602.

The controverting plea alleged the nature of the suit to be one to recover damages for the conversion of an automobile, that the automobile was converted by the defendants in Wichita county, and that the manner of making such conversion was by disposing of the automobile without the knowledge or consent of the plaintiff. The controverting plea, we think, clearly and certainly alleged the two essential facts above named, and was sufficient.

■ Appellants make the further contention that the plaintiff had the burden of proving, not only that his suit came within an exception of the venue statute, but also a "prima facie, bona fide, meritorious cause of action against appellants," which he failed to do. What has already been said sufficiently shows, we think, that, in our opinion, it is only necessary to allege in the controverting plea, and to prove the fact, or facts, necessary to show that the case comes within the exception relied upon to the general rule of venue.

There is some difference of opinion entertained by members of this court, as between themselves, upon the question of what constitutes sufficient pleading and proof of the fact, or facts to bring a case within some of the exceptions, as is disclosed in the majority and dissenting opinions in Compton v. Elliott (Tex. Civ. App.) 55 S.W.(2d) 247, and Stockyards Nat. Bank v. Maples (not at this time published because of the pendency on rehearing of certified questions to the Supreme Court), but we are all agreed that, to bring a case within exception 9, it is only necessary to plead and prove that the trespass upon which the suit is based was committed in the county where the suit is brought.

■■ The next question presented is whether plaintiff's petition was subject to general demurrer because of its failure to allege that the defendants were corporations. We have found no case sustaining a pleading as against a general demurrer where it contained no averment whatever to show whether a defendant was or was not a corporation. The early decisions in this state were that such a pleading was subject to general demurrer. President, etc., of Bank of Alabama v. Simonton, 2 Tex. 531; Holloway v. M., E. P. & P. Ry. Co., 23 Tex. 465, 76 Am. Dec. 68; Missouri, etc., Ry. Co. v. Douglas, 2 Willson, Civ. Cas. Ct. App. § 28; Texas Mut. Life Ins. Co. v.

Davidge, 51 Tex. 244. We find it unnecessary to pass upon this question here because of the rule that, when a pleading is tested only by general demurrer, every reasonable intendment is to be ascribed to it. This pleading in naming the defendants shows a part of the name of each to be "corporation." It refers to them as "said corporations." We believe that these two facts appearing in the pleading show by reasonable intendment that both defendants are corporations.

■ It is next contended that the plaintiff's petition alleged a case not within the jurisdiction of the district court. If this contention should be sustained, it would, we think, render all other questions in the case immaterial. It is a matter of first consideration of any court to determine its own jurisdiction of a case, and, if lack of jurisdiction appears, as a matter of law, the court should dismiss the case without passing upon any other issue presented, whether of law or fact.

■■ The basis of the contention that the court was without jurisdiction is that plaintiff alleged facts which showed that the claim of $275, as one of the items of damage for the conversion of the automobile, was too much by $90, because a credit of $90 claimed as usurious interest was not supported by verification of the pleading. In other words, disallowing plaintiff credit for said $90 because it was a claim of usurious interest unsupported by a verified plea, the equity in the automobile would be $185, which, added to the $305 claimed as another item of damage, would amount to only $490—a sum not within the jurisdiction of the district court. We are unable to sustain this contention for more than one reason. In the first place, the suit was for the conversion of an automobile alleged to be of the value of $575, and that alone gave the court jurisdiction, unless other facts alleged limited his right of recovery to a less sum than the value of the car. It was not necessary for the plaintiff to allege anything about the note or lien upon the car. Such was a matter in no wise limiting plaintiff's right to recover the value of the car. Plaintiff's debt to the defendants was a matter proper to be presented in a cross-action or counterclaim by the defendants in pro tanto reduction of the damages, if any, for the conversion. If, therefore, plaintiff not being required to acknowledge any credit, but nevertheless attempts to do so, and by mistake or otherwise misstates the amount, it would not be a jurisdictional matter if the allegations showed the amount of the demand to be within the jurisdiction of the court.

 ██ In the next place, a pleading claiming a sum as usury, or defending against liability on the ground of usury, is not void only because not verified. The requirement may be waived. The very fact that it may be waived shows that it is not a jurisdictional matter. Cotton v. Rhea, 106 Tex. 220, 163 S. W. 2; Arnold v. Macdonald, 22 Tex. Civ. App. 487, 55 S. W. 529; Dyer v. Winston, 33 Tex. Civ. App. 412, 77 S. W. 227.

 ██ We recognize the rule which we had occasion to quote in Robert & St. John Motor Co. v. Bumpass, 65 S.W.(2d) 399, 401, as follows: "If the facts alleged be such as to show no cause of action as to such a part of the whole sum sued for as to reduce it below the amount for which the court has jurisdiction, the suit will be dismissed." 11 Tex. Jur. 741, § 27; Western Union Tel. v. Arnold, 97 Tex. 365, 77 S. W. 249, 79 S. W. 8; C. B. Carswell & Co. v. Habberzettle, 99 Tex. 1, 86 S. W. 738, 122 Am. St. Rep. 597; City of Fort Worth v. Zanecetti (Tex. Com. App.) 29 S.W.(2d) 958; St. Louis S. W. Ry. Co. v. Hill & Morris, 97 Tex. 506, 80 S. W. 368. This rule, however, is to be applied in connection with another rule; namely, that the mere failure of a petition to state a cause of action does not show want of jurisdiction in the court. It is only where the court can see from the allegations of a pleading that, even by amendment, no cause of action can be stated consistent with the facts alleged that it can be said that the court is without jurisdiction. If the court can see that the nature of the different items claimed is such that, by amendment, they may be shown to be recoverable, then there is involved only a question of the sufficiency of the pleading, and not of the jurisdiction of the court.

 It is further contended that the court erred in overruling appellants' special exception to the allegations in the plaintiff's petition reading as follows: "That the defendant, Auto Refinance Corporation was only a medium for making said loan, and that the Lone Star Finance Corporation actually made same, and that the stock of the said corporations belongs to the said (same?) identical persons." These allegations were undoubtedly subject to special exception, but they were immaterial, and added nothing to the statement of any cause of action asserted by the pleading. The allegation was wholly insufficient to show liability of either defendant.

Treating same as surplusage, the pleading otherwise averred directly the participation of both defendants in the alleged conversion through a common agent. We therefore think the overruling of this exception was harmless error.

 ██ By appellants' twelfth proposition, it is contended that the court erred in overruling their special exception to that part of the plaintiff's petition alleging in substance that plaintiff was a building contractor and had been out the use of his car 4 months, the reasonable worth and rental value of same to plaintiff during said time being $2.50 per day, by reason whereof plaintiff was damaged by the conversion of his car in the sum of $305. By the exception it was contended that the allegations were vague, indefinite, and uncertain, and do not state definitely to what use the car had been put, and is an attempt to recover damages for a period since the suit was filed. If any amount was recoverable under this claim, it was upon the theory of special damages resulting from the conversion —a tortious act. 65 C. J. p. 131, §§ 247, 254, and 256; Moore v. King, 4 Tex. Civ. App. 397, 23 S. W. 484. The special exception did not point out the more material defects in the pleading, but we cannot escape the conclusion that the objection that the pleading did not state definitely what use the car had been put to constituted a just criticism, and it was error to overrule same.

In fact, we are of the opinion that the pleading was, as a matter of law, insufficient to support a recovery of any special damages in addition to that measured by the value of the car.

 We overrule the other contentions of the appellants without comment, other than that some of the assignments presented harmless errors. For instance, some of the objections urged to the submission of issues would have been good if proper objections had been made so as to enable the court to formulate and submit correct issues. These are errors that should not occur upon another trial of the case.

For the error in overruling the exception to the pleading claiming special damages and rendering judgment therefor, it is our opinion that the judgment should be reversed and the cause remanded, which is accordingly so ordered.