JULIUS KESSLER & CO. *v.* ZACHARIAS.

1. SALES—WAREHOUSE RECEIPTS—PASSING OF TITLE.

    The issuance by the seller of whisky, and acceptance by the buyer, of a warehouse receipt stating that the whisky is held in the seller's bonded warehouse subject to the order of the buyer, on payment of tax and storage charges, transfers title to the whisky.

2. WITNESSES—PERSON SINCE DECEASED—TRANSACTIONS—COMPETENCY.

    In assumpsit by a corporation on a promissory note given for the purchase price of goods sold by an agent of plaintiff, since deceased, defendant cannot testify to fraudulent representations made by the agent to induce the sale (section 10212, 3 Comp. Laws).

3. SALES—ACTION FOR PRICE—PROMISSORY NOTE—DEFENSE.

    In an action on a promissory note given for the purchase price of goods, defendant is not entitled to show that the goods were not worth the price agreed to be paid for them.

Error to Saginaw; Beach, J. Submitted June 7, 1906. (Docket No. 49.) Decided September 20, 1906.

Assumpsit by Julius Kessler & Company against Henry J. Zacharias on a promissory note. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

*Arthur W. Ganschow,* for appellant.

*Weadock, Purcell & Weadock,* for appellee.

CARPENTER, C. J. February 10, 1904, a salesman of plaintiff, an Illinois corporation, delivered to defendant a warehouse receipt purporting to transfer to him the title to five barrels of whisky. (This receipt is, except in names, date, and description of distillery, an exact counterpart of that described in *Julius Kessler & Co.* v. *Veio,*

142 Mich. 471.)   Defendant thereupon executed to plaintiff several promissory notes for the purchase price of said whisky.   This suit was brought upon one of those promissory notes.   It was tried in the circuit court before a jury, and a verdict was directed in plaintiff's favor.   Defendant asks us to reverse the verdict entered on said judgment.

Defendant's principal complaint relates to the form of the receipt delivered to him.   He contends that it did not transfer the title.   This contention is answered by the decision in *Julius Kessler & Co.* v. *Veio,* above referred to.   There we held that the delivery of the warehouse receipt did transfer the title.

It is contended that the court erred in refusing to permit defendant to testify that plaintiff's agent—who died before the trial occurred—made fraudulent representations in effecting the sale.   This ruling was correct.   The death of the agent made this evidence inadmissible.   See section 10212, 3 Comp. Laws.

It is also contended that error was committed by the trial court in refusing to permit defendant to show that the whisky purchased by him was not worth what he promised to pay for it.   This ruling was also correct.   No authority need be cited for the proposition that one is not released from an obligation to pay for property merely because he agreed to pay too much for it.

No other complaint demands discussion.

The judgment is affirmed.

MCALVAY, GRANT, HOOKER, and MOORE, JJ., concurred.