JULIUS KESSLER & CO. *v.* LACKIE.

SALES—WAREHOUSE RECEIPTS—PASSING OF TITLE.
 This case, involving the validity and effect of certain ware-
 house receipts for whisky stored in plaintiff's bonded ware-
 house, is ruled by *Julius Kessler & Co.* v. *Veio,* 142 Mich. 471,
 and *Same* v. *Zacharias,* 145 Mich. 698, involving the same
 facts.

Error to Clare; Dodds, J. Submitted October 11, 1906.
(Docket No. 60.) Decided November 13, 1906.

Assumpsit by Julius Kessler & Company against James
Lackie and Colin McDonald for goods sold and delivered.
There was judgment for plaintiff, and defendants bring
error. Affirmed.

*Arthur J. Lacy,* for appellants.

*C. W. Perry,* for appellee.

GRANT, J. This action was brought to recover on one
of a series of notes given by defendants to plaintiff for a
quantity of whisky purchased from plaintiff by defend-
ants, and for which plaintiff delivered defendants a
bonded warehouse receipt.

Aside from names, dates, and amounts, the warehouse
receipt involved in this case is the same as those involved
in *Julius Kessler & Co.* v. *Veio,* 142 Mich. 471, and
*Julius Kessler & Co.* v. *Zacharias,* 145 Mich. 698.
The purchase of the goods, the giving of the notes and
of the receipts are the same as in *Julius Kessler & Co.*
v. *Zacharias.*

The defense in this case is based upon the alleged non-
negotiability of the warehouse receipt, under the statute
of Kentucky, and upon fraud alleged to consist in the
statement made by the plaintiff that the receipt given

was a genuine warehouse receipt. These warehouse receipts were recognized as valid in the cases above cited. There was no fraud, as the court correctly found. Defendants read the receipt and knew just what they were taking. They made a valid contract for the purchase of the goods. Under the decisions above cited title had passed to them, and all that remained was to pay the notes and take their goods.

The court of appeals of Kentucky has decided two cases which rule this. Under similar receipts in the hands of transferees the lien of the vendor was held valid as against the transferees. *Western Bank* v. *Distilling Co.*, 9 Ky. Law Rep. 500; *Pike* v. *Greenbaum*, 12 Ky. Law Rep. 423.

Judgment affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.