## GUTTA PERCHA & RUBBER MANUFACTURING COMPANY v. CITY OF CLEBURNE.

### No. 1844. Decided October 28, 1908.

**1.—Failure of Consideration—Partial or Total—Breach of Warranty.**

Upon plea of failure of consideration for a note given on the purchase of personal property (fire hose sold to a city) based on a warranty against its failure from defects within three years and of its capacity to resist a certain pressure, the property having been used by the purchaser for two years and not being wholly valueless, it was error to submit such breach of warranty as a total failure and a defense against any recovery by plaintiff. (P. 38.)

**2.—Same—Pleading.**

A plea of total failure of consideration involves and is sufficient to raise the issue, also, of a partial failure. (P. 38.)

**3.—Failure of Consideration—Burden of Proof—Market Value.**

The burden of proving the extent of failure of consideration is upon the party alleging such failure. He can not object to submission of the issue of partial failure because there is no proof of market value of goods sold with warranty of quality which has not been met. (P. 38.)

**4.—Same—Evidence of Value.**

Proof of the value of the article as warranted and the comparative inefficiency of the article sold, though indefinite, held to afford some evidence of the extent of the partial failure of consideration by breach of the warranty, and to justify submission of that issue. (P. 39.)

Error to the Court of Civil Appeals Fifth District in an appeal from Johnson County.

The Manufacturing Co. sued the city of Cleburne on its promissory notes and, obtaining judgment for less than it claimed, prosecuted an appeal resulting in affirmance of judgment. Appellant then obtained writ of error.

*J. D. Goldsmith* and *Walker & Baker,* for plaintiff in error.

On error in charge as to measure of damages: Schuwirth v. Thumma, 66 S. W., 691; Osborne v. Poindexter, 34 S. W., 300; Snyder v. Baker, 34 S. W., 981; Stark v. Alford, 49 Texas, 274; Dilley v. Ratcliff, 29 Texas Civ. App., 545; Wright v. Davenport, 44 Texas, 164; Ash v. Beck, 68 S. W., 65.

When a defense of breach of warranty is pleaded in an action on notes given for the purchase price, and the evidence shows a partial breach only, the defendant can not recover without showing the par-

ticular items of damage sustained. Gilbert v. Gossard, 73 S. W., 989.

The burden of proof was on the defendant to establish its pleas of failure of consideration by a preponderance of the evidence. Emerson v. Mills, 83 Texas, 388; Clark v. Hills, 67 Texas, 141; Masterson v. Todd, 6 Texas Civ. App., 131.

*F. E. Adams* and *Philips & Daniels,* for defendant in error.— The court did not err in the 9th and 10th paragraphs of its general charge to the jury. Scranton v. Tilley, 16 Texas, 194; Anderson v. Duffield, 8 Texas, 238; 2 Sutherland on Damages, 280; Brantley v. Thomas, 22 Texas, 275-6; Smith v. Oldham, 26 Texas, 536.

Mr. Justice Williams delivered the opinion of the court.

Leaving out details not essential to our decision, we may state this case as follows:

Plaintiff in error brought the action on two promissory notes executed to it by the city for the prices of two lots of hose sold by plaintiff to the city for use in its fire department. The defendant pleaded that the consideration of the notes had failed insofar as that consideration consisted of the price of one of the lots of hose, for the reason that the hose was not such as the contract of sale warranted it should be and was worthless. The sale and delivery were made under the following warranties: "The Gutta Percha & Rubber Mfg. Co., of New York City hereby warrants and agrees that should any of the Baker Fabric Rubber lined cotton fire hose mentioned in said annexed proposal fail or give out within thirty-six months from the date of purchase from any mechanical defect in manufacture, to replace the same free of charge on return of defective lengths. And the said Gutta Percha & Rubber Mfg. Co. further warrants that said hose shall stand a pressure test of four hundred pounds to the square inch when delivered." The delivery was made to defendant in May, 1900, and the hose was retained and used by defendant without complaint until February, 1901. At that time complaint was made (the defendant in the meantime having secured an extension of time for the payment of the notes) and correspondence and negotiations ensued lasting until the institution of this suit and continuing afterwards. No return was ever made of any of the hose until the spring of 1902, when it was sent to plaintiff for an inspection with a view to a settlement. The evidence on the part of the defendant, however, tended to show that lengths of it burst at the first fire at which it was used, a few months after its purchase, and that others burst whenever it was used, the pressure being only sixty-five to eighty pounds to the square inch; and some of the evidence tended to show the worthlessness of the entire lot in question. On the other hand the evidence for plaintiff tended to show that the hose was such as it was warranted to be and that its failure resulted from the lack of proper care in its use.

It is very evident that the jury could have found that, if not up to the contract standard, the hose had some value, and it seems quite as plain that, if such was the fact, there was not a total failure of

consideration. The defendant having kept and used the property was accountable for such value as it possessed.

In the sixth paragraph of its charge the court instructed the jury, in substance, to find for defendant, "on the plea of failure of consideration," if any of the hose in question gave out or failed from any mechanical defect in manufacture within thirty-six months after the purchase, and if defendant returned the defective lengths for the purpose of having them replaced, and if plaintiff failed to replace them within a reasonable time, and if the hose in question gave out or became worthless within thirty-six months from the date of purchase.

In the seventh paragraph the charge further instructed a verdict for defendant "on its plea of failure of consideration" if the hose when delivered was not capable of standing a pressure test of four hundred pounds to the square inch.

In the ninth paragraph the jury were instructed to deduct from the notes the entire contract price of the lot of hose in question, if they should find for defendant "on its plea of failure of consideration."

The vice of these instructions is that they permit no finding of a partial failure of consideration, and give to facts consistent with such a view of the evidence the effect of a total failure. To justify a finding of total failure of consideration the instructions do not require that the property should have been worthless when delivered, but only that it should have failed or become worthless within thirty-six months thereafter, or that, when delivered, it was not capable of standing the stipulated pressure. Those facts would show breaches of the warranties, but not necessarily a total failure of consideration. Consistently with them the hose may have been valuable and useful to defendant when delivered and up to the time when it finally became worthless.

It is said that the issue joined between the parties was as to total failure only, and that the charge was correct in submitting it alone. But the plea of total failure included that of partial failure, and the evidence was such as to make it proper to submit both. Brantley v. Thomas, 22 Texas, 275.

The contention of plaintiff is that the deduction that should be made in case of a partial failure is the difference between the contract price and the market value of the hose delivered, at the time of delivery. This is correct if the hose delivered had a market value, as to which there seems to have been no evidence introduced. In the absence of evidence on this point, counsel for defendant claim and the Court of Civil Appeals held that the trial court was justified in refusing to submit the question of partial failure. But we think this is not true for two reasons: First, whatever may be the rule elsewhere, it is settled by the decisions of this court that the burden is on the defendant claiming failure of consideration to prove its defense, and not on the plaintiff to prove a consideration for the notes. Williams v. Bailes, 9 Texas, 61; Drew v. Harrison, 12 Texas, 279; Newton v. Newton, 77 Texas, 508; Insurance Co. of North America v. Wicker, 93 Texas, 396. The remark in Clark v. Hills, 67 Texas,

141, was a mere dictum. And this is true also of the cases of Franklin v. Smith, 1 Unreported Cases, 243, and Solomon v. Huey, Id., 267. The two latter decisions moreover were not made by this court and are not binding authority. Galveston & W. Ry. Co. v. City of Galveston, 90 Texas, 407. Under this rule, it was incumbent on the defendant, if it failed to prove a total failure but succeeded in showing a partial failure, to furnish evidence from which the jury could determine the extent to which the consideration had failed. Second, There was evidence from which the jury might have formed some opinion as to the value of the hose delivered, in the absence of proof that it had a market value. If it was such as defendant claimed it was, it is not probable that it had a market value, but nevertheless it may have had some value. There was proof of the value of the hose contracted for and of the time it ought to last and the service it ought to perform, and there was evidence as to the use and endurance of that which was delivered. In the absence of more definite evidence, the jury might have reached some conclusion as to the comparative values of that contracted for and that furnished. While it may not have been error for the court to refuse the instruction requested by plaintiff submitting the question as to difference between contract price and market value, for want of evidence of the latter, it was error to exclude entirely the question of partial failure, and to refuse other instructions requested which were in line with what we have said. The court also erred in charging generally that the burden of proof was upon plaintiff, the burden being on the defendant on the only issues made by the pleadings, and in refusing plaintiff's requested instruction stating the rule as we hold it to be. What we have said indicates the assignments of error which we sustain and is sufficient for the purposes of another trial.

*Reversed and remanded.*