CHILTON v. JENNINGS et al.  (No. 8181.)

(Court of Civil Appeals of Texas. Ft. Worth. May 1, 1915. Rehearing Denied June 19, 1915.)

1. SALES ☞116 — CONTRACTS — RESCISSION —GROUNDS.

A violation by a seller of his promise to place in perfect condition the machine sold does not justify a rescission by the buyer of the contract of sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 290; Dec. Dig. ☞116.]

2. SALES ☞359—ACTIONS FOR UNPAID PRICE —ISSUES.

Where, in an action on a note for the unpaid price of an automobile sold to one of the makers, who pleaded infancy, there was no finding that the automobile was returned, or that the seller accepted the same in return, under an agreement to rescind, and the issue tendered by the seller, alleging that the maker represented himself to be of full age and that the seller had good reason to believe the truth of the representation, was not determined, a judgment against the seller was unsupported on the theory of a rescission of the contract of sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 511, 1056–1059; Dec. Dig. ☞359.]

3. SALES ☞418 — BREACH OF CONTRACT — DAMAGES.

The measure of damages for a seller's failure to deliver an automobile as represented is the difference between the contract price and the reasonable value of the automobile in the condition it was at the time of sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. ☞418.]

Appeal from Tarrant County Court; C. T. Prewitt, Judge.

Action by W. E. Chilton against E. R. Jennings, Jr., and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

E. H. Ratcliff, of Ft. Worth, for appellant. Capps, Cantey, Hanger & Short and A. B. Curtis, all of Ft. Worth, for appellees.

CONNER, C. J. W. E. Chilton instituted this suit in the county court against E. R. Jennings, Jr., and E. R. Jennings, Sr., upon a promissory note in the principal sum of $200 dated July 18, 1910, due January 18, 1911, bearing no interest, but providing the usual 10 per cent. attorney's fees. The substance of the answer which it is necessary to notice is that the note had been given as part of the consideration for an automobile sold by Chilton to E. R. Jennings, Jr., and that at the time of the sale said Jennings had paid the sum of $200 in cash, and given the note sued upon as part of the deferred payment to be made, also promising a further payment of $200 the following year. But it was alleged that at the time of the sale Chilton made certain false representations regarding the condition of the automobile, and made certain promises with reference to its repair, which had never been fulfilled. It was alleged that the automobile was worthless, and the prayer was for the recovery of the $200 in cash that had been paid and the cancellation of the note sued upon. E. R. Jennings, Jr., also pleaded his minority at the date of the sale.

The case was submitted to the jury upon special issues, to which the jury answered that Jennings at the time of the sale was not 21 years old; that he did not ratify the contract of sale after he became of age; that "the plaintiff did agree to put the machine in good condition"; that E. R. Jennings, Jr., relied "on said representation, and he was thereby induced to pay the plaintiff $200 and executed the note sued on. In answer to the question, "Was the said car put in good condition by plaintiff?" the jury answered, "No." The sixth issue was, "Did defendant E. R. Jennings, Jr., within a reasonable time after coming of age, disaffirm the contract

and notify the plaintiff of such disaffirmance?" To which the jury answered, "Yes." Upon the answer so given, the court entered a judgment in accordance with the prayer of the defendants, and the plaintiff has appealed.

[1-3] There are a number of assignments, to which numerous objections are made; but, without enlarging our opinion by a discussion of unimportant details thus brought about, it will be sufficient to say that the assignments presented call for an investigation of the record, which discloses error fundamental in character that will require a reversal of the judgment. The answer of the defendants was evidently not prepared with a view of calling for a rescission of the contract, nor does the evidence or findings authorize any such relief. No issue was submitted calling for a verdict upon the issue of misrepresentation alleged to have been made by the plaintiff, although such an issue was requested by plaintiff. The court, we presume, refused to submit the issue because of a want of evidence raising it; at least we find no evidence that the plaintiff at the time of the sale made any misrepresentations as to its value or condition. The substance of appellee's evidence and of the jury's findings is merely that the plaintiff had agreed to put the machine in good condition and that this agreement had not been complied with, from which it is to be implied that the defendant E. R. Jennings, Jr., at the time of the purchase, knew that the machine was not in perfect condition. We deem it unnecessary to cite authorities for the proposition that the violation of a mere promise to do something in the future will not afford a sufficient basis for a rescission of a contract.

It may be suggested that because of the allegation and finding as to E. R. Jennings' minority, and of the further fact that he later disaffirmed the contract, the judgment was right, notwithstanding the insufficiency of the pleadings and evidence to support the issues of rescission; but there is no finding that the auto was returned, or that the plaintiff accepted the same in return, under an agreement to rescind. Moreover, plaintiff tendered the issue that E. R. Jennings, Jr., had represented himself to be 21 years of age, and that the plaintiff had good reason to believe the representation to be true. This issue, also, was left undetermined by the verdict. So that, as before indicated, the judgment herein cannot be supported upon the theory of a rescission of the contract; nor, as also before suggested, is the judgment sustainable on the theory of a total failure of consideration. There is no finding of the jury that the automobile was worthless at the time that E. R. Jennings, Jr., purchased the same, and at the time E. R. Jennings, Sr., executed the note sued upon; nor can we say from the evidence that the automobile was then worthless. On the contrary, there is much evidence tending to show that it had at least a material value. On the theory of a failure of consideration, the defendant's measure of damages was the difference between the contract price and the reasonable value of the automobile in the condition it was at the time of the sale.

For the reasons stated, the judgment must be reversed, and the cause remanded. But in conclusion we deem it proper to suggest that upon another trial it may become material that the court submit the issue, requested and refused on this trial, of whether E. R. Jennings, Jr., represented himself to be of lawful age, and, if so, whether at the time of the sale to him the plaintiff had reasonable grounds for such belief.

Reversed and remanded.