## M. W. KELLOGG CO. v. HOUSTON TERMINAL REFINING CO. et al.

(District Court, S. D. Texas, at Houston. June 4, 1925.)

No. 552.

1. **Alteration of instruments** ⬉5(2)—**Adding to note provision for interest is material alteration.**

Adding to a note the words, "with interest," was a material alteration, as, under Vernon's Ann. Civ. St. Supp. 1922, Tex. art. 6001—17, par. 2, it made note bear interest from date.

2. **Alteration of instruments** ⬉11(2), 23 — **Note not invalidated by alteration made by stranger; recovery had on note as originally drawn.**

An alteration in a note, made by an agent through mistake, without intention to defraud, is the same as one made by a stranger, and recovery may be had on note as originally drawn.

3. **Contracts** ⬉341—**Plea of failure of consideration includes plea of partial failure.**

A plea of total failure of consideration includes a plea of partial failure.

At law. Action by the M. W. Kellogg Company against the Houston Terminal Refining Company and others. Judgment for plaintiff.

Bryan, Dyess & Colgin, of Houston, Tex., for plaintiff.

Vinson, Elkins, Woods & Pollard, of Houston, Tex., for defendants.

HUTCHESON, District Judge. This is a suit upon a note given as part of the purchase price of a certain still, furnished and erected by the plaintiff for the defendants, and also upon an open account for the expenses of the erector, all in accordance with and pursuant to the terms of a written contract properly declared on. The Houston Terminal Refining Company, maker of the note and obligor on the contract, and R. R. Kelly and J. W. Colvin, sureties on the note, assert the defense of alteration, in that after the execution of the note it was altered by adding to it the words "with interest"; that this alteration was material and invalidated the note.

Defendants also assert, against the open account for the expenses of the erector, that they were excessive and unreasonable, and assert generally against the whole claim the defense of total failure of consideration, pleading that the still was worthless for the purpose for which it was designed; that breakage and fire damage occurred, which made the still unsafe, and rendered it totally unfit for use; and upon the predicate of these allegations, in addition to the effort to defeat the note, they base a cross-action for the total amount asserted by them in connection with the still of between $30,000 and $40,000.

[1] On the trial of the case, as to the alteration of the instrument, it was abundantly established that the same was done; that it was done through mistake innocently, and with no intention to defraud, because no person having any interest in its change is shown to have had any connection with the change; that the two notes on which the alteration occurred were presented for payment, and payment was refused, on account of the alteration. Thereafter the alteration was erased, one of the notes was paid, and the other was deferred as to payment from time to time; no claim being made as to its invalidity with the alteration erased, but the payment being put off from time to time upon prospects of settlement, and upon various other grounds. Upon these facts I think it clear that the alteration was material, since the alteration had the effect to provide for the payment of interest without specifying the date, and therefore to make the interest run from the date of the note. Negotiable Instruments Act, article 6001—17, par. 2, Vernon's Ann. Civ. St. Supp. 1922; Baldwin v. Haskell National Bank, 104 Tex. 122, 133 S. W. 864, 134 S. W. 1178.

[2] I think it equally clear that the alteration was made by an agent, and not by the owner, and that it was the same as an alteration made by a stranger; the English and Canadian rule, making alterations by a stranger effective to cancel an obligation, not being adopted here. Clyde Steamship Co. v. Whaley, 231 F. 76, 145 C. C. A. 264, L. R. A. 1916F, 289. The alteration, then, being the act of a stranger, the note is in the same case as if it had not been done, and the instrument is recoverable upon, just as though no change had occurred in it, and, unless the plaintiff's suit may be defeated upon other grounds it should recover.

As to the defenses asserted against the claim for the expense account of Riley, the erector, for $1,960.63, I think they are wholly without foundation; it appearing that these expenses were incurred in accordance with a contract, and that the expense accounts were approved by Kelly, the president of the defendant. There remains for consideration only the question whether the defendant may defeat the claim, and have recovery upon failure of consideration.

[3] Defendant pleads total failure of consideration, and it has wholly failed in that proof. That a plea of total failure involves a plea of partial failure is settled by the authority of Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S. W. 1047, and though the defendant has failed to prove total failure, if he has proved partial failure of consideration, he may under his pleadings recover.

The only really difficult questions in this case rise out of the questions of fact (1) whether the plaintiff has proved a partial failure of consideration, and (2) whether he has furnished any proof by which the court can measure that failure in damage. While the evidence leaves the matter in doubt as to the cause of the rupture of the still, I am of the opinion that upon the preponderance of the testimony the still ruptured because it was defective at the point where the rupture occurred, and that, if the evidence furnished a basis for the measurement of the loss, defendant is entitled to offset against the recovery the amount of that loss. That the record furnishes some evidence of that loss is clear, at least to the extent of the amount expended to repair the break and restore the still to operating functions, which cost I think the record shows to be $855.25. That

it furnishes evidence for no more is, I think, equally clear.

Believing, upon the whole case, that plaintiff should recover upon the note with interest from maturity, and upon the account of Riley with interest from its due date, and that this recovery should be diminished by the allowance of $855.25, with interest from the date of its expenditure, while the plaintiff should recover all costs in this case, it is ordered that a decree so disposing of the case be prepared and presented within 10 days from this date.