## L. D. POWELL CO. v. STURGEON.
### (No. 3436.)

Court of Civil Appeals of Texas. Texarkana. Oct. 13, 1927.

**1. Sales ⚖️38(4)—Law book buyer held bound by statement in written contract that seller made no representations not contained therein, regardless of agent's representations.**

Where a law book publisher and seller sued the buyer for money due for books purchased, buyer could not set up false representation of the publisher's agent in inducing the contract of purchase, where the written contract contained a stipulation that no representations or agreements had been made on behalf of the purchaser that were not contained therein.

**2. Sales ⚖️21—Consideration in law book purchase contract held not to have wholly failed, where books had junk value.**

Where, in an action by the publisher and seller of law books for payments due from a buyer, the latter alleged as a defense that the consideration for the contract had wholly failed, held that the consideration had not so failed where the books had at least a junk value.

**3. Sales ⚖️347(1)—In action for agreed price of law books, buyer could not show books, not wholly valueless, worth less than he promised to pay.**

In an action by the publisher and seller of law books against the buyer for the balance of the agreed price thereof, buyer could not show as a defense that the books, not wholly without value, were worth less than he promised to pay for them.

**4. Contracts ⚖️88—Where there is partial failure of consideration of contract, defendant must show extent thereof to procure judgment in his favor.**

Where the consideration for a contract has partially failed, and defendant alleges such matter as a defense in an action on the contract, he must show the extent of such failure, in order to procure judgment in his favor.

Error from Lamar County Court; W. Dewey Lawrence, Judge.

Suit by the L. D. Powell Company against John F. Sturgeon. Judgment for defendant, and plaintiff brings error. Reversed and rendered.

This suit (commenced by plaintiff in error, a corporation, against defendant in error in a justice court) was to recover $102.70, claimed to be a balance due and unpaid of the purchase price of certain law books sold by plaintiff in error, the publisher thereof (acting by its agent), to defendant in error. The contract was evidenced by defendant in error's written order for the books, which, by its terms, became binding on the parties when accepted and approved by plaintiff in error. In his answer defendant in error alleged that he was induced to enter into the contract by his reliance on specified representations (not a part of the contract as written), which, he charged, were false, and which, he charged further, were fraudulently made by said agent. In his said answer defendant in error alleged, further, that the consideration for his undertaking under the contract had "wholly failed," and he prayed not only that plaintiff in error recover nothing against him, but that he have judgment against it for $200 he had paid it on account

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the books. The contract as written contained a stipulation as follows:

"No representations or agreements have been made on behalf of the publishers not contained herein,"

—which plaintiff in error invoked as a reason why defendant in error should not be heard to claim anything on account of false representations of the agent, if any, orally made, and not included in the writing evidencing the contract. It appeared from the written contract that on April 12, 1921, defendant in error purchased two sets of books (and supplements thereto to be published) of plaintiff in error—the "Encyclopedia of Evidence," 14 volumes at $6.50 per volume, the "Standard Encyclopedia of Procedure," 26 volumes at $7.59 per volume, and the supplements at $7.50 per volume, and agreed to pay therefor as follows: "$8 cash and $8 per month until all volumes delivered have been paid for, remaining volumes, if any, to be paid for on delivery." It appeared from other evidence heard at the trial that defendant in error began making the monthly payments as stipulated for in the contract as written on July 25, 1921, and continued making such payments until November 5, 1925.

Special issues were submitted to the jury, and they found as follows: (1) That the contract in question was procured through fraud of plaintiff in error's agent; (2) that plaintiff in error violated a condition or conditions (not specified) imposed upon it by the terms of the contract; (3) that defendant in error was damaged by reason of plaintiff in error's breach of the contract; (4) that the amount of defendant in error's damage was $200. On said findings the court rendered judgment that plaintiff in error take nothing by its suit, and against it in defendant in error's favor for $200.

John S. Stone, of Paris, for plaintiff in error.

R. E. Eubank, of Paris, for defendant in error.

WILLSON, C. J. (after stating the facts as above). It appeared without dispute in the testimony heard at the trial that defendant in error purchased the books, and agreed to pay for them as alleged by plaintiff in error, and, further, that he failed to pay $102.70 of the price agreed upon. That being true, the judgment should have been in plaintiff in error's favor for the sum it sued for, unless it appeared it was liable to defendant in error for damages as found by the jury. That finding was based on allegations and testimony by defendant in error that he was induced to enter into the contract by false representations made to him by plaintiff in error's agent that the books were edited by the "best law editors," could be relied on as containing the "latest and correct law of all

the courts, including the higher courts of Texas, were all any lawyer needed on the subjects of evidence and procedure, and that plaintiff in error from time to time would furnish him (defendant in error) with supplements bringing the books up to date."

[1] Assuming that the representations were made and were false as charged, and that they would have entitled defendant in error to a rescission of the contract had he promptly demanded it on discovering their falsity, they did not entitle him to recover damages of plaintiff in error, for, as shown in the statements above, when defendant in error entered into the contract, he agreed that "no representations or agreements" not contained in the writing had been made on behalf of plaintiff in error. Having so agreed, and having thereby (it is assumed) induced plaintiff in error to accept his order for the books, defendant in error was not in a position to claim liability on the part of plaintiff in error for damages he suffered as the result of his reliance on the oral representations made to him by the agent. If the agreement did not operate as an estoppel against defendant in error, it was equivalent to an acknowledgment by him that he knew the agent with whom he dealt was without authority to bind plaintiff in error by such representations. It is well settled that one dealing with an agent, and knowing his lack of authority to act for his principal in making given representations, cannot set up the falsity of the representations as a ground for a recovery of damages of the principal. National Guarantee & Loan Co. v. Thomas, 28 Tex. Civ. App. 379, 67 S. W. 454; National Equitable Soc. of Belton v. Camp (Tex. Civ. App.) 184 S. W. 589; Reagen v. Society (Tex. Civ. App.) 202 S. W. 157; Kasch v. Williams (Tex. Civ. App.) 251 S. W. 816.

[2-4] As shown in the statement above, defendant in error alleged in his answer that the consideration for his undertaking under the contract "wholly failed." But certainly the books had a "junk value" (Thresher Co. v. Higgins [Tex. Civ. App.] 279 S. W. 531), if none other, and hence it cannot be said it appeared that the consideration for defendant in error's undertaking wholly failed. The rule seems to be that a buyer, in an action for an agreed price, cannot show as a defense that the article he purchased, not wholly without value, was worth less than he promised to pay for it. Kessler v. Zacharias, 145 Mich. 698, 108 N. W. 1012. But, if the rule were otherwise, we think it would still appear from the record before us that the judgment should have been for plaintiff in error for the sum it sued for instead of for defendant in error for any sum, for, the failure of consideration, if any, being partial only, and defendant in error having failed to show the extent thereof, there was no basis for a judgment in his favor. Gutta Percha & Rubber

Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S. W. 1047.

The judgment will be reversed, and judgment will be here rendered in favor of plaintiff in error for the amount it sued for.