### SILBERT v. KETON et al.
### No. 1297.

Court of Civil Appeals of Texas. Waco.

Dec. 22, 1932.

Rehearing Denied Jan. 26, 1933.

Spell, Naman & Howell, of Waco, for appellant.

W. L. Eason and Bryan & Maxwell, all of Waco, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted by appellant, H. Silbert, from a judgment denying him a recovery against appellee Frank Keton, on an alleged contract of guaranty. This is the third appeal. For opinions on former appeals, see Silbert v. Keton (Tex. Civ. App.) 29 S.W.(2d) 824, and Keton v. Silbert (Tex. Civ. App.) 250 S. W. 316. Silbert owned a storehouse in the city of Waco. On August 6, 1915, he leased the same to George Costas, Paul Costas, and Gus Costas for a term of five years, beginning September 1, 1915, at a monthly rental for the first two years of $225 per month, payable in advance. The lease contract was in writing. Appellant contends that appellee, by separate writing indorsed on or attached to said lease contract, guaranteed the payment of the monthly rentals stipulated therein as they accrued during the first year of said lease. Both said instruments were lost at the time of the trial, but compared copies thereof were identified and introduced in evidence. Appellant admitted that the stipulated rentals were paid him to and including the month of March, 1916. George Costas, Paul Costas, and the firm of Costas Bros. were adjudged bankrupt in April or May, 1916. Appellant filed his claim in the bankruptcy court for the stipulated rentals due him for the remaining five months of the first contract year, and asserted a landlord's lien on the property of the bankrupts situated in said building to secure the same. He received as the sole dividend apportioned to him on said claim the sum of $109.49. He then brought this suit against George Costas, Paul Costas, and Gus Costas and appellee Keton to recover the remainder claimed to be due on said lease contract for said five months. George and Paul Costas pleaded their discharge in bankruptcy. Gus Costas was a nonresident of the state, and appellant's suit against him was dismissed. Appellee Keton, among other defenses, denied that said purported written guaranty was signed by him or by his authority, and further pleaded that, if the same was signed by him, it was signed after said lease contract was executed and delivered and the transaction evidenced thereby closed and consummated, and that the same was without consideration.

The case was submitted to a jury on special issues, in response to which the jury answered, in substance, that appellee Keton did sign the guaranty contract sued upon, that appellant resumed control of the rented premises on the 7th day of June, 1916, and that the sum of $393.01 for rent which accrued prior to that time remained unpaid. The court submitted the issue of want or failure of consideration as follows: "Do you find from the evidence that at the time defendant Keton signed the guaranty agreement (if you have so found), that the agreement between the plaintiff Silbert and the defendants Costas Brothers had been executed by the defendants Costas Brothers and the plaintiff Silbert and delivered to the plaintiff Silbert, and the transaction as between Silbert and Costas Brothers was closed and consummated, before the guaranty agreement was signed by the defendant Keton?"

The jury returned an affirmative answer to said issue. The court thereupon rendered judgment against appellant that he take nothing by his suit and that the defendants Frank Keton, George Costas, and Paul Costas go thence without day and recover their costs.

### Opinion.

Appellant presents assignments of error in which he contends that the court erred in submitting said issue with reference to the want or failure of consideration for the contract of guaranty sued upon, over his objection that the evidence was insufficient to raise such issue, and in which he assails the sufficiency of the evidence to support the answer returned by the jury thereto. Appellant's attorney testified as follows: "I drew the lease and the guaranty contract. I drew it in my office. Paul Costas, George Costas and Gus Costas were present. The three of them signed it. Mr. Silbert and George Costas and myself went to Mr. Keton's place of business on South Third Street and there Mr. Keton signed it and Silbert signed it there too." Appellee's testimony on the issue covers approximately twenty pages of the statement of facts. Only a summary of the same will be attempted. Appellee first denied the testimony of appellant's attorney above recited. He then testified that he saw one or more of the Costas brothers' in the rented building preparing the same for occupancy, that about three days thereafter appellant came to his place of business and asked him to sign a paper, and that he refused to do so. He stated in that connection that appellant was alone; that he said something about signing a five-year contract; that he had a little slip of paper in his hand, but that he, the witness, did not read it and did not sign it. Appellee further testified that during the next two weeks he had occasion to pass the leased building several times and saw the lessees installing fixtures therein;

that thereafter George Costas came to his place of business with a sheet of paper and asked him to sign it, and that he did so; that the paper consisted of about half of a single sheet; that he did not read the same; that Costas said, "Sign it for me"; that he replied, "What the Devil you want me to sign it for?" and that Costas said, "Oh, to satisfy the Jew"; that no further discussion concerning the contents of the paper was had; that appellant was a Jew; and that he presumed Costas meant appellant, but did not know. One of appellee's attorneys, in interrogating him as a witness, stated to the court that they expected to show by him that he did sign something that George Costas brought down there, but that it was not a contract, such a contract as had been introduced in evidence. The compared copies of the lease and guaranty contract introduced in evidence were then exhibited to the witness, and he testified: "It is impossible to be that much on that small piece of paper. It is impossible, and furthermore, I didn't read any of it." Appellee failed to testify whether he did or did not sign the guaranty sued on, nor, if he did sign the same, when he did so.

▆▆ The burden of introducing testimony to sustain his plea of want or failure of consideration rested on appellee. Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 38, 112 S. W. 1047; 10 Tex. Jur., p. 527, and authorities cited in note 6 thereto; 6 Tex. Jur. p. 987, and authorities cited in note 10. Appellee relies solely on his own testimony to justify the court in submitting said issue and to support the finding of the jury thereon. The rule for determining whether the court erred in submitting an issue over an objection that the evidence is insufficient to justify submission, and whether the court erred in refusing to set aside a finding for lack of sufficient support in the evidence, is that, in passing upon such contentions, the court must consider the evidence in the most favorable aspect for the opposite party, disregarding all evidence to the contrary. Williams & Chastain v. Laird (Tex. Civ. App.) 32 S.W.(2d) 502, 505, par. 1, and authorities there cited. The issue as submitted involved in effect only the time of signing the instrument sued on, which the jury found appellee did in fact sign. The mere fact that, about two weeks after the Costas brothers occupied the leased building, appellee, at the request of George Costas and for his accommodation, signed a slip of paper, the contents of which he did not read, and which were never disclosed to him, for the declared purpose of satisfying some Jew, whose identity was not disclosed, is not of sufficient probative force to justify a finding that the paper signed at that time was the guaranty sued on, especially in view of appellee's testimony in that immediate connection that the paper signed by him could not

248

possibly have been the guaranty so sued upon. There is no other testimony showing, or tending to show, that the guaranty sued on was signed after the lease agreement had been fully consummated and the lessees were in actual occupancy of the building. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059, 1062 (second column); City of Houston v. Scanlan, 120 Tex. 264, 37 S.W.(2d) 718, 720, pars. 4 and 5; Bell v. Parsons (Tex. Civ. App.) 34 S.W.(2d) 372, 374. (second column); Waco Drug Co. v. Hensley (Tex. Com. App.) 34 S.W.(2d) 832, 835 et seq.; Houston & T. C. Ry. Co. v. Schmidt, 61 Tex. 282, 286.

The judgment of the trial court is reversed, and the cause remanded.

BARCUS, J., did not participate in the consideration nor disposition of this case.