## GORDON v. BALL.

### No. 3010.

Court of Civil Appeals of Texas. El Paso.
July 12, 1934.

George P. Brown and T. O. Murray, both of McKinney, for appellant.

John Reese, of McKinney, for appellee.

PELPHREY, Chief Justice.

For some years prior to March 24, 1931, appellant lived upon and occupied, as tenant, a farm in Collin county, Tex., owned by T. E. Ball.

Prior to the death of T. E. Ball, which occurred on March 24, 1931, he had rented the farm to appellant for 1931. On January 1, 1931, appellant executed and delivered his note for $500, payable to T. E. Ball on October 1, 1931. To secure this note appellant also executed a chattel mortgage on certain personal property. Appellant was also indebted to T. E. Ball in the sum of $274.73 on open account. Shortly after the death of T. E. Ball, appellee visited the tenants on the different farms, among them being appellant. Appellant told appellee that he would be unable to make a crop on the lands he had rented unless appellee would advance him money and supplies. Upon appellant agreeing that the crops raised on the land should stand good for the advancements, appellee furnished him money, groceries, and supplies to the extent of $411.36.

Appellant's share of the crops in 1931 was $495.33, which was turned over to appellee to be applied on his indebtedness. In addition to this he paid appellee's foreman the sum of $20.

This suit was filed by appellee on May 30, 1932, on the note given by appellant to T. E. Ball, and for foreclosure of the chattel mortgage given as security therefor. In response to special issues submitted the jury found:

(1) That appellant made and entered into a contract with T. E. Ball to do extra work on the farm he had rented from T. E. Ball during the year 1931, and at such times as directed by T. E. Ball; (2) that T. E. Ball, or Jack Ball or their agents, requested appellant to do extra work; (3) that the estate of T. E. Ball, deceased, was indebted to appellant for such work for the full amount claimed by him ($217); (4) that there was an agreement between Jack Ball and appellant that the crops were to stand for the advancements made to appellant; (5) that appellant did not designate upon what debts the cotton and onions raised on the premises were to be applied; (6) that no rents were due by appellant for corn produced during 1931; and (7) that appellant paid to appellee or his agent $495.33 out of the crop produced in 1931.

Judgment was rendered that appellee recover from appellant the sum of $279.66, and he has appealed.

### Opinion.

Appellant's first twelve assignments, and propositions thereunder, attack the judgment on the ground that it does not conform to the pleadings, is not responsive to the answers of the jury to the issues submitted, is not supported by the evidence, allows a double recovery, and is excessive.

While it thus appears that the judgment is questioned on several theories, from the argument advanced under the propositions it appears that a decision of all these questions will result from a proper answering of two questions, viz.: (1) Was the trial court correct in deciding the suit upon a basis of two indebtednesses (the note and the $411.36 advancements)? And (2) was the court correct in crediting the $495.33 derived from appellant's portion of the crops on the advancements rather than upon the note?

■ Appellant takes the position that, he having in his pleading alleged that the sole and only consideration for the note was the $411.36 advanced by appellee, the court erred in rendering judgment upon the note. In this state the burden is upon a defendant claiming failure of consideration to prove such defense. Gutta Percha & Rubber Mfg. Co. v. City of Cleburne, 102 Tex. 36, 112 S. W. 1047; Newton v. Newton, 77 Tex. 508, 14 S. W. 157.

■ Here there was no evidence introduced to show a failure of consideration for the note; therefore, the court correctly held it to be a valid debt, the law importing a consid-

eration. The sum of $411.36 arose under an entirely different agreement and was also properly considered by the court.

■ As between the parties, a verbal chattel mortgage is valid and binding. Bolton v. Baldwin (Tex. Civ. App.) 57 S.W.(2d) 957; Gillett v. Talley (Tex. Civ. App.) 60 S.W.(2d) 868. And the record here appears to show the existence of a mortgage on the crops for the amount of the advancements. If such be true, then the court properly applied the proceeds of the sale of such crops to its satisfaction and was not required to apply them on the note.

Appellant's requested charge No. 1 was in the nature of a general charge, was not called for by the facts here, therefore properly refused. As heretofore said, the proceeds of the sale of the crops were properly applied to the payment of the advancements, and a charge to the contrary as requested by appellant in his charge No. 2 was properly refused.

Special charge No. 3 was also a general charge and not warranted by the facts here. The remaining assignments of error and propositions have been examined and found without merit.

The judgment of the trial court is affirmed.