ANDERSON MACHINERY COMPANY,

v.

Robert Lee HARBER.

No. 12850.

Court of Civil Appeals of Texas, Austin.

Aug. 1, 1979.

Marcus B. Davidson, Wentworth, Levy & Davidson, San Antonio, for appellant.

John Michael English, Murphree, Scanio & Chafin, San Marcos, for appellee.

O'QUINN, Justice.

The controlling issue in this appeal involves the doctrine of failure of consideration under a conditional sales contract and security agreement pertaining to sale of a heavy duty machine to be used by the purchaser in construction of rural roads and earthen tanks.

Appellee Robert Lee Harber entered into agreement to purchase from Anderson Machinery Company in April of 1974 the machine described as Hancock Model 192 Elevating Motor Scraper. Shortly thereafter Anderson Machinery assigned the contract and security agreement to Allis-Chalmers Credit Corporation. Harber made down payment of $8,637.00 on the purchase price of $51,999.00 and agreed to pay the balance in thirty-six monthly installments of $1,204.50 each.

The record shows that the Hancock Motor Scraper developed repeated malfunctions within two days following delivery to Harber, which continued until after two monthly payments, when Harber ceased to make payments and the machine was repossessed in September of 1974. Allis-Chalmers sold the machine to Anderson Machinery for $25,000 in October of 1975 and brought suit against Harber for a deficiency of $9,755.34. Harber made Anderson Machinery a third party defendant alleging total failure of consideration.

Upon findings of a jury that there had been a failure of consideration, that the market value of the machine when repossessed was $20,000.00, and that reasonable attorney's fees for Allis-Chalmers were $1,463.30, the trial court entered judgment for Allis-Chalmers against Harber for $9,755.34, with attorney's fees of $1,463.30, and further that Harber recover from Anderson Machinery the sum of $11,218.64.

Anderson Machinery appealed and brings three points of error. Appellant contends (1) that there was no evidence to support a finding of total failure of consideration, (2) no evidence to support a finding of partial failure of consideration, and (3) that the trial court erred in overruling motion for new trial because there was "factually insufficient evidence" to support the jury finding of a failure of consideration.

Appellee Harber counters, in addition to his counterpoints, with cross points contending (1) that Anderson Machinery has not

preserved for appellate review the inquiry under special issue one as to total failure of consideration and (2) that appellant failed to bring to this Court the question of partial failure of consideration.

■ Although we agree with appellee that appellant failed to preserve the question of total failure of consideration by adequate objection to the court's charge, nevertheless the point was preserved by appellant in the third party defendant's motion for "judgment *non obstante veredicto* and mistrial because of conflicting findings." Motion for judgment notwithstanding the verdict is one of four procedural bases for preserving "no evidence" points of error. *State Reserve Life Insurance Company v. Ives*, 535 S.W.2d 400, 404 (Tex.Civ. App. Fort Worth 1976, no writ), citing authorities and quoting the rule stated in Calvert: *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Review 361, 362 (1960).

■ Insofar as special issue one is construed to inquire as to total failure of consideration, we must sustain appellant's point of error on the basis that Harber failed to present any evidence that the Hancock Scraper was worthless and totally without value at the time of delivery by Anderson Machinery. Harber admitted that he had used the scraper for about 500 work hours, and that although he made a living using the machine, it was in spite of the machine and not because of it. Troublesome as the machine proved to be, with excess oil pressure, faulty brakes, malfunctions in transmission gears, hoses, steering apparatus, and the hood latch, resulting in fifteen work orders for repairs, Harber conceded that some use was obtained from the scraper.

■ To prove total failure of consideration, there must be evidence that the machine was worthless at the time of purchase. *Chilton v. Jennings*, 178 S.W. 563 (Tex.Civ.App. Fort Worth 1915, no writ). This Court dealt with the question in *Alli-*

*son Ranch Co. v. Angelo Auto Electric, Inc.*, 145 S.W.2d 645, 648 (Tex.Civ.App. Austin 1940, writ dism'd), in which it was stated, "The rule is settled that if machinery is sold for a particular purpose, and it will not perform any of its functions, the buyer may set up total failure of consideration as defense . . . ." to a suit for purchase price of the machinery, "but if it only performs them badly the remedy is to recover for a partial failure of consideration, showing clearly the extent of same. * * * When a buyer relies upon the defense of failure of consideration he must make out his defense in accordance with the usual rules. That is, if the buyer has made any use of the machinery, he may not contend that there is a total failure of consideration." See also *Advance-Rumely Thresher Co. v. Higgins*, 279 S.W. 531 (Tex.Civ.App. Amarillo 1926 writ dism'd); *Super-Cold Southwest Co. v. Elkins*, 140 Tex. 48, 166 S.W.2d 97 (1942); *Reed v. Buck*, 370 S.W.2d 867, 874 (Tex.Sup.1963).

Appellee Harber argues that total failure of consideration exists, even though the scraper had some value, because the harm and detriment the machine caused Harber outweighed its value. We find no support for this contention in decisions on the question, and hold that finding of total failure of consideration under the facts of this case would have no support in the evidence.

Under its second point of error Anderson Machinery contends that "there was no evidence to support a finding of partial failure of consideration" under special issue one inquiring, "Do you find . . . that there was a failure of consideration . . ." for the sales contract? As pointed out earlier Harber pleaded total failure of consideration. Anderson Machinery concedes it is settled that a plea of total failure of consideration includes and permits proof of partial failure of consideration. *Brantley v. Thomas*, 22 Tex. 270, 275 (1858); *Gutta Percha & Rubber Manufacturing Co. v. City of Cleburne*, 102 Tex. 36, 112 S.W. 1047, 1048 (1908); *Milner v. Boswell*, 377 S.W.2d 763, 764 (Tex.Civ.App. Fort Worth 1964, no writ).

■ We conclude that there is some evidence to support a finding of partial failure of consideration. It is without contradiction that when delivered the Hancock Scraper had eight work hours on its register and that when the scraper was repossessed about five months later the machine had only 502 to 504 work hours on it. Work hours on equipment of this type are automatically recorded when the machine is in actual operation, in a manner similar to the register of miles travelled on the odometer of a motor vehicle used on public highways.

By comparison, it was shown at trial that other scrapers used by Harber would add nine to ten hours daily, for seven days a week, during favorable work seasons, as from April through August, about the period Harber had possession of the Hancock Scraper. Harber testified that in such a season other scrapers would earn $4,000 per month, at an hourly earning of $25 to $30, and that other scrapers at the height of the work season would register seventy to eighty hours per week. For the five months Harber had possession of the Hancock Scraper it compiled an average of only 100 work hours per month, or an average of only about 25 work hours per week.

The performance of the Hancock Scraper repeatedly was interrupted by breakdowns and repairs. Harber testified that he signed at least fifteen work orders, covering repairs and replacement of parts, during the five months he tried to use the machine. The first malfunction involved the hydraulic system, an essential part of the machine's operation. Malfunctions thereafter occurred in the system of about 25 hoses on the machine, in the steering arms, the automatic transmission, oil pressure, the tires, the brakes, and also in the hood which could not be opened for necessary daily checks on water and oil.

Despite basic alterations made in the hydraulic system of the machine, by mechanics sent to make repairs, the scraper failed to perform the work produced by similar scrapers, and Harber permitted the equipment to be repossessed after less than 500 work hours.

Harber testified that the Hancock Scraper would not "pull up hills," and in summary he found it a "lemon" and "worthless." When asked if the machine was still operable during the time he had it, Harber answered, "If you call cranking it up and trying to make a dollar with something that won't produce . . . Yes, it would operate."

Essentially, Harber's testimony indicated that the Hancock Scraper could not produce enough to pay for itself, while his other scrapers could produce $4,000 per month, and by the time the machine was repossessed Harber had the down payment and two monthly payments invested in the scraper, or a total of $11,046.00. Because the machine would not produce as the other scrapers were producing, at an average earning of $4,000 per month, during the five months Harber tried to operate the Hancock Scraper the cost to him was about $20,000.00. The jury, in response to special issue two, found the market value of the machine at the time of repossession to be $20,000.00. Anderson Machinery argues on appeal, "The undisputed evidence shows . . . that it [the Hancock] had a material value of over $20,000.00 . . ." After repossession, the Hancock Scraper was held more than a year, during which it was widely advertised for sale, and finally was bought by Anderson Machinery for $25,000.00.

■ There was proof of the value of the Hancock Scraper contracted for and the service it ought to perform, and there was evidence as to its value at the time of repossession and when sold a year or more later. The cost, because of poor performance and failure to produce, to the buyer for the five months in his possession was before the jury. Even in the absence of more definite evidence the jury might have reached some conclusion as to the comparative values of the machine contracted for

and the machine furnished. We conclude that such proof serves to meet the test required of the buyer claiming partial failure of consideration. *Allison Ranch Co. v. Angelo Auto Electric, Inc., supra,* 145 S.W.2d 648; *Gutta Percha & Rubber Manufacturing Co. v. City of Cleburne, supra,* 112 S.W.2d 1048.

We hold that the record contains some evidence to support a finding that there was a partial failure of consideration.

■ Anderson Machinery seeks under its third point of error to place before this Court the issue of factual sufficiency to support a jury finding of failure of consideration. Appellant bases the point on the trial court's overruling of Anderson Machinery's motion for new trial. Examination of the motion for new trial induces our conclusion that the only sufficiency of evidence question raised in the motion went to. *total* failure of consideration. We have already sustained appellant's point that there was no evidence to support proof of *total* failure of consideration. Appellant has failed to place before this Court the issue of factual sufficiency to establish a *partial* failure of consideration.

On the basis of our holding that there was some evidence to support a finding of partial failure of consideration, we conclude judgment of the trial court should be affirmed.

Judgment of the trial court is affirmed.